254 F.2d 464
 Mile ZUTICH, Steve Savich, Joseph Janus, Jr., and Donna McCreary, Executors of the Estate of Peter Damjan Janus, Deceased, Appellants,
v.
Whitney GILLILLAND, Chairman of the Foreign Claims Settlement Commission and International Claims Commission, Appellee.
 No. 13351.
 United States Court of Appeals Sixth Circuit.
 April 29, 1958.
 
 Paul Z. Hodge, Warren, Ohio (H. I. Gardner, Warren, Ohio, on the brief), for appellant.
 William J. O'Neill, U. S. Atty., Cleveland, Ohio (Sumner Canary and Russell E. Ake, Cleveland, Ohio, on the brief), for appellee.
 Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 Peter Janus filed a claim with the Foreign Claims Settlement Commission for loss occasioned when his property in Yugoslavia was confiscated, damaged, or destroyed by the Government of Yugoslavia or its partisans in 1945. The claim was initially denied upon the ground that Janus was not a national of the United States between September 1, 1939, and July 19, 1948, and that his claim was therefore not governed by the Yugoslav Claims Agreement of 1948 and not within the jurisdiction of the Commission. After a hearing and oral argument this decision was made final by the Commission. Thereafter Janus brought an action in the Federal District Court attacking the Commission's decision and asking for a judgment declaring that he was a national of the United States during the period in question. The action was dismissed upon the ground that the court was without jurisdiction, and this appeal followed.
 
 
 2
 The statute which created the Foreign Claims Settlement Commission and conferred the right to make claims against the Yugoslav Claims Fund provided that the Commission's decisions should have complete finality. The statute provides: "The action of the Commission in allowing or denying any claim under this subchapter shall be final and conclusive on all questions of law and fact and not subject to review by the Secretary of State or any other official, department, agency, or establishment of the United States, or by any court by mandamus or otherwise." 22 U.S.C.A. § 1623 (h).
 
 
 3
 In our opinion the district court was correct in concluding that this unambiguous statutory language left it without jurisdiction to review the Commission's decision. As has been pointed out by the Court of Appeals for the District of Columbia, this is not an area where Constitutional limitations would prevent Congress from foreclosing judicial review. De Vegvar v. Gillilland, 1955, 97 U.S. App.D.C. 126, 228 F.2d 640, certiorari denied 1956, 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859.
 
 
 4
 The appellant relies upon a provision of the Immigration and Nationality Act of 1952 conferring jurisdiction upon the district courts of declaratory judgment actions brought by any person within the United States who "claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States." 8 U.S.C.A. § 1503 (a). In our opinion, however, the action of Congress in explicitly denying judicial review in this specific situation must supersede the general provision of the Immigration and Nationality Act of 1952.
 
 
 5
 The order of the district court is affirmed.