## HERNANDEZ ET AL. *v.* VETERANS' ADMINISTRATION ET AL.

No. 72–700.   Argued December 11, 1973—Decided March 4, 1974

BRENNAN, J., delivered the opinion of the Court, in which BURGER, C. J., and STEWART, WHITE, MARSHALL, BLACKMUN, POWELL, and REHNQUIST, JJ., joined. DOUGLAS, J., filed a statement concurring in the result, *post*, p. 393.

*Jack R. Petranker, pro hac vice,* and *Lawrence L. Curtice* argued the cause for petitioners. With them on the briefs were *Stephen V. Bomse* and *Charles C. Marson.*

*Gerald P. Norton* argued the cause for respondents. On the brief were *Solicitor General Bork, Acting Assistant Attorney General Jaffe, Harriet S. Shapiro, Morton Hollander,* and *William Kanter.*

MR. JUSTICE BRENNAN delivered the opinion of the Court.

Petitioners, like the appellee and his class in *Johnson* v. *Robison, ante,* p. 361, are Class I–O conscientious ob-

jectors who, upon completion of alternative civilian service pursuant to § 6 (j) of the Military Selective Service Act, 50 U. S. C. App. § 456 (j), and the governing regulations of the Selective Service System, 32 CFR, Part 1660, applied for educational benefits provided by the Veterans' Readjustment Benefits Act of 1966. The Veterans' Administration denied petitioners' application for the reasons upon which appellee Robison's request was denied, i. e., because a Class I–O conscientious objector who has performed alternative civilian service does not qualify under 38 U. S. C. § 1652 (a)(1) as a "veteran who . . . served on active duty" (defined in 38 U. S. C. § 101 (21) as "full-time duty in the Armed Forces"), and is therefore not an "eligible veteran" entitled under 38 U. S. C. § 1661 (a) to veterans' educational benefits provided by the Veterans' Readjustment Benefits Act of 1966.

Alleging that those sections of the 1966 Act discriminate against conscientious objectors in violation of the Fifth Amendment, and infringe the Religion Clauses of the First Amendment, petitioners filed two actions seeking declaratory, injunctive, and mandamus relief and requesting the convening of a three-judge district court. The District Court consolidated the two cases and granted the Government's motion to dismiss on the grounds that "plaintiffs' requests for affirmative relief are not within the jurisdiction of this Court due to the mandate of 38 U. S. C. § 211 (a) . . . [and] the plaintiffs' challenge . . . based on alleged violations of the Fifth and First Amendments to the United States Constitution are [sic] insubstantial and without merit." 339 F. Supp. 913, 916 (ND Cal. 1972). Notwithstanding the District Court's dismissal of petitioners' constitutional claims on the ground of insubstantiality, the Court of Appeals, as we read that court's opinion, construed the order of dismissal as based solely upon the jurisdictional bar of § 211 (a), and af-

firmed the District Court on that ground. 467 F. 2d 479 (1972). We granted certiorari and set the case for oral argument with *Johnson* v. *Robison, ante,* p. 361. 411 U. S. 981 (1973).

We have held today in *Johnson* v. *Robison* that § 211 (a) does not bar judicial consideration of constitutional challenges to veterans' benefits legislation. Accordingly, the judgment of the Court of Appeals is vacated and the case remanded for further proceedings consistent with our opinion in *Johnson* v. *Robison.*

*It is so ordered.*

MR. JUSTICE DOUGLAS concurs in the result for the reasons stated in his dissenting opinion in *Johnson* v. *Robison, ante,* p. 386.