Mrs. Soledad A. Vda DE DAMPITAN

v.

ADMINISTRATOR OF VETERANS AF-
FAIRS, Appellant (two cases).*

Nos. 24852 and 71–1038.

United States Court of Appeals,
District of Columbia Circuit.

July 12, 1974.

Henry F. Lerch and Harold J. Nuss-
baum, Washington, D. C., were on the
pleadings for appellees.

David V. Seaman, Washington, D. C.,
for appellant.

Before BAZELON, Chief Judge, and
ROBINSON, Circuit Judge.

PER CURIAM:

These appeals are from judgments be-
stowing noncontractual veterans' bene-
fits upon claimants and attorney's fees
upon their counsel. The issue common
to them all derives from the impact of
the 1970 amendment of 38 U.S.C. §
211(a),[1] the statute governing judicial
review of adjudications by the Adminis-
trator of Veterans' Affairs, on claims
for noncontractual benefits asserted un-
der the veterans' laws. Throughout its
tenure in this court, this litigation has
been studied and restudied in light of
the precedents evolving on that score.

---

* Consolidated with:

De Sevilla (two cases), 24680, 24681; De
Grospe (two cases), 24718, 24720;

De Bandolin (two cases), 24732, 71–1037;
De Obrero, 24733; De Paulino, 24734;

De Perez, 24735; De Fayloga, 24757; De
Catalan, 24758; De Gilizon, 24759; De Par-
eno, 24760; De Dela Jara, 24782; De Qui-
bael, 24783; De Fresco v. U. S. (two cas-
es), 24832, 71–1036;

De Trilles, 24833; De Merina, 24834; De
Gacad (two cases), 24891, 71–1008;

De Respicio (two cases), 24892, 71–1005;
De Tander (two cases), 24893, 71–1006;

De Peramo (two cases), 24894, 71–1004;
De Cambronero (two cases), 24901, 24902;

De Anicete (two cases), 24903, 24904; De
Ramos (two cases), 24905, 24906;

De Caasi (two cases), 24921, 24922; De
Samera, 24923.

1. "Except as provided in Section 775, 784,
and as to matters arising under chapter 37
of this title, the decisions of the Administra-
tor on any question of law or fact under any
law administered by the Veterans Adminis-
tration providing benefits for veterans and
their dependents or survivors shall be final
and conclusive and no other official or any
court of the United States shall have power
or jurisdiction to review any such decision
by an action in the nature of mandamus or
otherwise." 38 U.S.C. § 211(a) (1970).

Initially, disposition of the appeals was held in abeyance for our *de Rodulfa* decision;[2] wherein we held "that amended Section 211(a), properly construed, outlaws pending as well as future judicial reviews of the Administrator's determinations on claims for noncontractual benefits. . . . "[3] Only after our thoroughgoing consideration of the problem in *de Rodulfa* and the Supreme Court's denial of a petition for a writ of certiorari therein[4] did we act to vacate the judgments in these cases and dismiss the appeals for want of jurisdiction. And the present petition for a rehearing of that action[5] has been meticulously considered, not only in light of *de Rodulfa,* but also of *Johnson*[6] and *Hernandez*[7] recently decided by the Supreme Court and *Daylo*[8] by this court.

We perceive nothing in the petition for rehearing or in these decisions which tends to impugn the correctness of our earlier disposition in the cases before us. Accordingly, we deny the petition. And detecting some misunderstanding in the petition of our ruling in *de Rodulfa,* we record these additional comments to underscore what we had thought was already clear.

*De Rodulfa* and its companion case were suits by surviving widows of World War II servicemen seeking reinstatement of wartime death compensation benefits which the Administrator had granted but later had discontinued. Each suit culminated in a judgment in the District Court directing resumption of compensation payments to the widows and deduction of attorneys' fees therefrom for their counsel. The Administrator appealed from the allocations of counsel fees, and Section 211(a) was amended while the appeals were under submission. We concluded that the amendment deprived the courts of power to review decisions of the Administrator on noncontractual claims, whether asserted in original applications or inspired by termination of previously granted benefits.[9] We further concluded that amended Section 211(a) affected pending as well as future litigation undertaking such reviews,[10] including the cases then on appeal,[11] and consequently embraced the awards of counsel fees as non-final judgments.[12] So it was that we vacated those awards and dismissed the appeals for lack of jurisdiction.[13]

Similarly, in the cases at bar, the District Court reversed the Administrator's discontinuance of payments of noncontractual veterans' benefits, entered judgments directing reinstatement of the terminated benefits, and allotted portions thereof as counsel fees. After the Administrator appealed, Section 211(a) was changed, whereupon the Adminis-

2. De Rodulfa v. United States, 149 U.S.App. D.C. 154, 461 F.2d 1240, cert. denied, 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972).

3. *Id.* at 172, 461 F.2d at 1258.

4. 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972).

5. Denominated herein a "motion for reconsideration." See Fed.R.App.P. 40.

6. Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974).

7. Hernandez v. Veterans' Administration, 415 U.S. 391, 94 S.Ct. 1177, 39 L.Ed.2d 412 (1974).

8. Daylo v. Administrator of Veterans' Affairs, 163 U.S.App.D.C. 251, 501 F.2d 811 (1974).

9. De Rodulfa v. United States, *supra* note 2, 149 U.S.App.D.C. at 161–169, 461 F.2d at 1247–1255. *See also* Johnson v. Robison, *supra* note 6, 415 U.S. at 366–374, 94 S.Ct. at 1165–1169, 39 L.Ed.2d at 397–401; Daylo v. Administrator of Veterans' Affairs, *supra* note 8, 163 U.S.App.D.C. at 266, 501 F.2d at 816.

10. De Rodulfa v. United States, *supra* note 2, 149 U.S.App.D.C. at 161–164, 167–169, 461 F.2d at 1247–1250, 1253–1255. *See,* to the same effect, Daylo v. Administrator of Veterans' Affairs, *supra* note 8, 163 U.S. App.D.C. at 266, 501 F.2d at 816; Langston v. Johnson, 156 U.S.App.D.C. 5, 6, 478 F.2d 915, 916 (1973).

11. De Rodulfa v. United States, *supra* note 2, 149 U.S.App.D.C. at 164–169, 461 F.2d at 1250–1255.

12. *Id.* at 160–161, 164–169, 461 F.2d at 1246–1247, 1250–1255.

13. *Id.* at 172, 461 F.2d at 1258.

trator moved to remand the cases to the District Court. Deeming *de Rodulfa* controlling, we dismissed the appeals for want of jurisdiction and vacated the judgments without prejudice to any further administrative action which any appellee might seek.[14]

There is, of course, a difference—indeed, a great difference—between our action in *de Rodulfa* and here. Our disposition in *de Rodulfa* affected only so much of the monies awarded by the District Court's judgments as had been deducted and set aside as counsel fees.[15] In the instant cases, however, the disposition annulled the judgments in toto— the amounts ordered paid to the claimants as well as those ordered paid to their attorneys. This variation in treatment is accounted for by the fact that in *de Rodulfa* the Administrator appealed, and thus rendered non-final, only the counsel-fee awards, whereas in these cases he appealed the judgments in full. The consequences of these events we now more fully explain.

In *de Rodulfa*, we took pains to point out that the Administrator "appealed— and thus brought before us—only so much of the judgments as awarded counsel fees, leaving all other provisions— those ordering payments to the claim-

ants—as they were." [16] In both his brief and his oral argument on appeal, the Administrator confined his attack to the allowance of attorneys' fees, and the appeal as submitted presented only that subject.[17] And when, after submission, Section 211(a) was amended, the Administrator, in defining the problem occasioned by the amendment, conceded that the remaining portions of the judgments had not been brought to this court for review.[18] Thus we emphasized that

> the judgments exclusive of the fee awards—that is, the portions directing payment of benefits to the widow-claimants—are beyond the purview of these appeals. Those portions are adjudications by the District Court that became final, because they were not appealed, before the change in Section 211(a) was forthcoming. Nothing we can do on the present appeals can affect them, and nothing we say now is intended to reflect upon them.[19]

In the cases now before us, however, the Administrator took another course of action—he appealed the questioned judgments in their entirety. In each instance, the Administrator's notice of appeal designated the judgment, without

---

14. Since in our view amended § 211(a) compelled that action, we saw no occasion to inquire whether any other statutory provision likewise did. *Compare* Daylo v. Administrator of Veterans' Affairs, *supra* note 8.

15. De Rodulfa v. United States, *supra* note 2, 149 U.S.App.D.C. at 160, 172, 461 F.2d at 1246, 1258. *Compare* Daylo v. Administrator of Veterans' Affairs, *supra* note 8, 163 U.S.App.D.C. at 268, 501 F.2d at 818.

16. *Id.* at 160, 461 F.2d at 1246.

17. *Id.* at 159, 461 F.2d at 1245.

18. *Id.* at 160 & n.29, 461 F.2d at 1246 & n.29. The Administrator was clearly correct in that position. Donovan v. Esso Shipping Co., 259 F.2d 65, 68 (3d Cir. 1958); Carter v. Powell, 104 F.2d 428, 431 (5th Cir.), cert. denied, 308 U.S. 611, 60 S.Ct. 173, 84 L.Ed. 511 (1939); Ruckman & Hansen, Inc. v. Contracting & Material Co., 328 F.2d 744,

749 (7th Cir. 1964); Scaramucci v. Dresser Indus., Inc., 427 F.2d 1309, 1318 (10th Cir. 1970). *See also* Gunther v. E. I. Du Pont De Nemours & Co., 255 F.2d 710, 717–718 (4th Cir. 1958).

19. De Rodulfa v. United States, *supra* note 2, 149 U.S.App.D.C. at 160, 461 F.2d at 1246 (footnote omitted). Similarly, in Daylo v. Administrator of Veterans' Affairs, *supra* note 8, the District Court ordered payment of certain wartime death compensation benefits within a 120-day period. During that period, and before the Administrator complied with the judgment, § 211(a) was amended. However, the Administrator did not take an appeal from the judgment, and the time for doing so had expired before the amendment took effect. *Daylo* held that amended § 211(a) does not disturb judgments which achieved finality prior to its effect date, and the unappealed judgment there involved, though unexecuted, had already become final.

limitation to some part or parts thereof, as the subject of the intended appeal,[20] leaving no room for argument that the appeal did not encompass the claimants' as well as the lawyers' portions of the judgment.[21] Since, in every phase of their operation, the judgments have always resided within the purview of these appeals, in none of their aspects did the judgment ever become final. And since amended Section 211(a) intercepts all judgments to the extent that they remain non-final,[22] we vacated them completely.

Petition denied.

---

20. An appeal may be taken from a judgment either in its entirety or from some part or parts thereof. See Fed.R.App.P. 3(c); 9 Moore, Federal Practice, ¶ 203.18 (2d ed. 1948).

21. See Fed.R.App.P. 3(c) & app. Form 1; 9 Moore, Federal Practice ¶ 203.18 at 752 (2d ed. 1948).

22. De Rodulfa v. United States, *supra* note 2, 149 U.S.App.D.C. at 164–169, 461 F.2d at 1250–1255.