**Martin WEXLER**

v.

**Richard L. ROUDEBUSH et al.**

**Civ. A. No. 76–2617.**

United States District Court,
E. D. Pennsylvania.

April 6, 1977.

Martin Wexler, pro se.

David W. Marston, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM ORDER

A. LEON HIGGINBOTHAM, Jr., District Judge.

Martin Wexler appearing *pro se*, has brought this action against the Administrator of Veterans' Affairs and members of the Board of Veterans' Appeals, alleging that his application for benefits for a service connected disability was improperly denied. In October, 1975 and June, 1976 the plaintiff filed a claim to have his present disability, for which he is receiving benefits, classified as "service connected"; both claims were denied by the Board of Veterans Appeals. Plaintiff is asking this court to review and reverse the Board's determinations and to award him retroactive benefits.

Defendants seek dismissal of the complaint on several grounds. Upon consideration of defendants' motion, I find that as this Court lacks jurisdiction over the subject matter of Mr. Wexler's complaint, de-

**32**

fendants' motion to dismiss must be granted.

Federal district courts, which possess only such jurisdiction as Congress may confer upon them by statute,[1] have been expressly precluded by 38 U.S.C. § 211(a) [as amended by Pub.L. 91–376 enacted August 12, 1970], from reviewing factual or legal determinations made by the Administrator providing benefits for veterans, their dependents or survivors. The legislation states that:

> . . . the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and *no other official or any court of the United States* shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise. [emphasis added]

The United States Supreme Court, accepting the statutory interpretation of the Veterans Administrator in *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 1167, 39 L.Ed.2d 389 (1974), found that the no-review clause of 38 U.S.C. § 211(a) was intended to:

> (1) insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions will be adequately and uniformly made.[2]

Turning to the facts of this case, it is clear that Mr. Wexler seeks review by this Court of the Board of Veterans' Appeals denials of his claim. It is also clear that under 38 U.S.C. § 211(a) judicial review of these determinations is specifically barred. Thus, as this Court lacks jurisdiction in this matter, defendants' motion to dismiss Mr. Wexler's Complaint is granted, and plaintiff's motion is DENIED. It is not necessary to decide the merits of the other grounds for dismissal urged by defendant.

---

1. See generally *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Nixon v. Hampton*, 400 F.Supp. 881 (E.D.Pa.1975); *Sun Oil of Pennsylvania v. Pennsylvania Dept. of Labor and Industry*, 365 F.Supp. 1403 (E.D.Pa. 1973).

2. 82d Cong., 2d Sess. 1962, 1963 (1952); *Hernandez v. Veterans Administration*, 415 U.S. 391, 94 S.Ct. 1177, 39 L.Ed.2d 412 (1974); *Hoffmaster v. Veterans Administration*, 444 F.2d 192 (3d Cir. 1971).