**WAYNE STATE UNIVERSITY et al., Plaintiffs,**

v.

**Max CLELAND, Administrator, Veterans' Administration, et al., Defendants.**

Civ. A. No. 7-70973.

United States District Court,
E. D. Michigan, S. D.

Aug. 17, 1977.

Richard A. Fulton, C. William Tayler and Kenneth Ingram, Sachs, Greenebaum & Tayler, Washington, D. C., and Bryan H. Higgins, Detroit, Mich., for plaintiff Wayne State University.

Gordon A. Gregory, Nancy Jean Van Lopik, Gregory, Van Lopik & Korney, Detroit, Mich., for plaintiffs Neal, Wright, Campbell, Green and Torando.

James K. Robinson, U. S. Atty., and Charles Kalil, Asst. U. S. Atty., Detroit, Mich., for defendants.

Richard E. Verville, Washington, D. C., for American Council on Education amicus curiae.

KEITH, Chief Judge.

I

On April 21, 1977, Wayne State University and five named students brought this action against the Administrator of the Veterans' Administration and other Veteran Administration officials seeking a temporary restraining order and a preliminary injunction to prevent the Veterans' Administration from implementing new regulations which would classify veteran students in the University's Weekend College Program of its College of Lifelong Learning as part-time for the purpose of determining veterans' educational assistance allowance benefits. The court denied the request for a temporary restraining order and ordered the Veterans' Administration to show cause on April 27, 1977, why a preliminary injunction should not be entered in this case. After oral argument in open court and a conference in Chambers, the court granted the plaintiffs' motion for a preliminary injunction. By the terms of the Order, the preliminary injunction was set to expire on June 29, 1977, or upon the disposition of this case on the merits, whichever should occur first, unless otherwise ordered by the court.

On April 28, 1977, the defendants filed a Motion for Reconsideration of the Court's Order, and on April 29, 1977, they filed a Motion for a Stay of the Injunction Pending Appeal. On June 21, 1977, the court entered an Order vacating the preliminary injunction. On June 22, 1977, the court entered an Opinion in support of that Order. *Wayne State University v. Cleland,* No. 7–70973 (E.D.Mich., June 22, 1977). The court found, *inter alia,* that the plaintiffs had not made a sufficient showing of irreparable injury to support the issuance of a preliminary injunction, Slip Op. at 12 n. 1, and that in any event the court was barred by 38 U.S.C. § 211(a) from assuming subject matter jurisdiction over this case. Slip Op. at 7–10. The court suggested in its Opinion that the defendants move for a dismissal of this action on the grounds that the court did not have subject matter jurisdiction over the complaint. Slip Op. at 11.

The defendants filed their Motion to Dismiss on July 12, 1977. The plaintiffs then filed a Motion to Reinstate the Preliminary Injunction, or in the Alternative, for an Injunction Pending Appeal. These matters came on for a hearing on August 8, 1977, the court having allowed briefs in support of and in opposition to these motions, and

the court having allowed the American Council on Education to participate in these proceedings as an *amicus curiae.*

## II

The issue before the court is whether 38 U.S.C. § 211(a) (1970) does, as the court suggested in its Opinion of June 22, 1977, bar judicial review of the regulations being challenged in this case.[1] The question is whether this court has jurisdiction to determine if the Veterans' Administrator exceeded his statutory authority under 38 U.S.C.A. §§ 210(c)(1), and 1788(a)(4) and (b)(Supp.1977) when he promulgated V.A. Regulation 14272(D), 38 C.F.R. § 21.4272(d) (1976), as amended, 41 Fed.Reg. 14398 (1976); V.A. Regulation 14200(G), 38 C.F.R. § 21.4200(g) (1976); and D.V.B. Circular 20–77–16, dated February 9, 1977, and whether, if the Administrator did act within his authority, these regulations are nonetheless unconstitutional.

 Title 38, United States Code, section 211(a) provides as follows:

(a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under Chapter 37 of this title, *the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States*

*shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.* (Emphasis added.)

In *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the Supreme Court ruled that this statute did not bar judicial review of the constitutionality of veterans' benefits legislation enacted by Congress. 415 U.S. at 367, 373, 94 S.Ct. at 1165. *See also, Hernandez v. Veterans' Administration,* 415 U.S. 391, 393, 94 S.Ct. 1177, 1178, 39 L.Ed.2d 412 (1974). However, contrary to this court's interpretation of the *Johnson* decision in its Opinion of June 22, 1977, the Supreme Court did not decide in that case that section 211(a) precluded a federal district court from ruling on the constitutionality of Veterans' Administration regulations and the limits of the Administrator's statutory authority. In fact, in describing those decisions of the Administrator which are "final" and not subject to review, the Supreme Court in *Johnson, supra,* stated:

A decision of law or fact 'under' a statute is made by the Administrator in the interpretation or application of a *particular* provision of the statute to a *particular* set of facts. (Emphasis added.)

415 U.S. at 367, 94 S.Ct. at 1166. It now appears to this court that the Supreme Court was by this language referring to decisions of the Administrator as to specific and individual claims for benefits made by veterans or their dependents or survivors.[2]

---

1. Chapter 7 of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.,* provides for judicial review of administrative decisions "except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a) (1970). The defendants in the instant case contend that 38 U.S.C. § 211(a) is a statute within the meaning of 5 U.S.C. § 701(a)(1) which precludes the judicial review sought by the plaintiffs. The defendants do not argue, however, that 38 U.S.C. § 210(c), which reads as follows:

(c)(1) The Administrator has authority to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the Veterans' Administration and are consistent therewith . . .

bars judicial review of Veterans' Administration regulations on the ground that the promul-

gation of these regulations is "agency action . . . committed to agency discretion by law" within the meaning of 5 U.S.C. § 701(a)(2). The "committed to agency discretion" exception to judicial review is "very narrow", *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1970), and does not apply to the issues presented by the case at bar. *See,* Saferstein, Nonreviewability: A Functional Analysis of "Committed to Agency Discretion", 82 Harv.L. Rev. 366 (1968).

2. Before section 211(a) was amended in 1970 by P.L. 91–376, § 8(a), 84 Stat. 790, it reads as follows:

(a) Except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator

The court believes that this is the proper interpretation of the language of 38 U.S.C. § 211(a).[3] To hold otherwise would be to find that Congress had by this statute attempted to insulate from judicial review the decisions of the Administrator as to the scope of his own authority. This would in effect make the Administrator the sole judge of the lawfulness of the regulations he had enacted. Such a result would call into question the very constitutionality of section 211(a), for as the Supreme Court noted in *Social Security Board v. Nierotko*, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946), an agency "may not finally decide the limits of its statutory power. That is a judicial function." 327 U.S. at 369, 66 S.Ct.

at 643. *See also Johnson v. Robison, supra* 415 U.S. at 366–367, 94 S.Ct. at 1165–1166. It is, of course, a fundamental principle of statutory interpretation that a statute should be so construed, if at all possible, so as to avoid a challenge to its constitutionality. *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 76 L.Ed. 598 (1932); *United States v. Thirty-seven Photographs*, 402 U.S. 363, 369, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). Therefore, the court will not infer to section 211(a) a Congressional intent to preclude judicial review of constitutional challenges to the Veterans' Administrator's regulations where such an intent is not clear from the face of the statute.[4] *See,*

on any question of law or fact *concerning a claim for benefits or payments* under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision. (Emphasis added.)

The phrase underlined above was deleted by the 1970 amendment. This action was taken after a series of decisions by the United States Court of Appeals for the District of Columbia Circuit held that since by its terms section 211(a) applied to a "claim" for benefits, it did not bar judicial review of administrative action "terminating" benefits. *E. g., Wellman v. Whittier*, 104 U.S.App.D.C. 6, 259 F.2d 163 (1958); *Thompson v. Gleason*, 115 U.S.App. D.C. 201, 317 F.2d 901 (1962); *Tracy v. Gleason*, 126 U.S.App.D.C. 415, 379 F.2d 469 (1967). H.R. No. 91–1166, 91st Cong., 2nd Sess., 1970 U.S. Code Cong. & Admin. News, pp. 3729–3731, 3739–3743. Soon after the *Tracy* decision a large number of suits seeking resumption of terminated benefits were filed in the district courts of the District of Columbia Circuit. As of March 8, 1970, 353 suits of this kind had been filed. 1970 U.S. Code Cong. & Admin. News, p. 3740. Congress sought to eliminate this problem, and amended the statute accordingly.

The restated section 211(a) will make it perfectly clear that Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans and their dependents and survivors.

1970 U.S. Code Cong. & Admin. News, p. 3731. However, the plaintiffs in the instant case are not seeking judicial review of a "claim" for benefits, or judicial review of an Administrator's decision terminating benefits. Therefore, the court is not precluded by 38 U.S.C. § 211(a) from assuming subject matter jurisdiction over

this civil action. It is clear from the statute and from its legislative history that Congress did not mean to prohibit judicial consideration of Veterans' Administration regulations to determine if they exceeded the limits of the Administrator's statutory authority or violated the claimant's constitutional rights. *Johnson v. Robison*, 415 U.S. 361, 369–370, 94 S.Ct. 1160, 1166–1167, 39 L.Ed.2d 389 (1974); *Plato v. Roudebush*, 397 F.Supp. 1295, 1301–1303 (D.Md.1975).

3. *See*, Morris, Judicial Review of Non-Reviewable Administrative Action: Veterans Administration Benefits Claims, 29 Admin.L.Rev. 65, 79–86 (1977). *See also*, Davis, Veterans' Benefits, Judicial Review and the Constitutional Problem of "Positive" Government, 39 Ind.L.J. 183 (1964).

4. Congress may, consistent with the Constitution, withdraw from judicial scrutiny administrative decisions which are "discretionary" or which involve "privileges" and not deprivations of liberty or property by extra-judicial action. *South Carolina v. Katzenbach*, 383 U.S. 301, 333, 86 S.Ct. 803, 821, 15 L.Ed.2d 769 (1966) ("In this instance, the findings not subject to review consist of objective statistical determinations by the Census Bureau and a routine analysis of state statutes by the Justice Department."); *Panama Canal Company v. Grace Line, Inc.*, 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788 (1958); *United States v. California Eastern Line*, 348 U.S. 351, 75 S.Ct. 419, 99 L.Ed. 383 (1955); *De Rodulfa v. United States*, 149 U.S. App.D.C. 154, 461 F.2d 1240 (1972). An Article III court will not, however, infer a Congressional intent to preclude judicial consideration of the statutory underpinnings and constitutional impact of properly challenged and generally applicable administrative regulations. Such an intent must be clear from the language of the statute and its legislative history. *See*

810

*Data Processing Service v. Camp*, 397 U.S. 150, 157, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *Barlow v. Collins*, 397 U.S. 159, 166, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140–141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Langevin v. Chenango Court, Inc.*, 447 F.2d 296 (2d Cir. 1971).

■ There are not many cases which have considered this question in relation to the Veterans' Administration. In *Siegel v. United States*, 87 F.Supp. 555, 558 (E.D.N.Y.1949), and *Steinmasel v. United States*, 202 F.Supp. 335, 337 (D.S.D.1962), there is language to the effect that an earlier version of 38 U.S.C. § 211(a) did not bar judicial relief from a decision of the Administrator if he was found to have acted in excess of his authority. But neither case articulated whether it was the role of the Administrator or the courts to determine what those limits were. Both cases involved challenges to specific benefits decisions which had been made by the Administrator, and the complaints were dismissed in both cases. The statement of the court in *Steinmasel* that "[i]nsofar as the *Siegel* case is limited to the holding that the courts will exercise judicial 'control' to hold the Veterans' Administration within its proper jurisdictional boundaries, we agree with it", 202 F.Supp. at 337, appears to have been dicta.

In *Holley v. United States*, 352 F.Supp. 175 (S.D.Ohio 1972), aff'd, 477 F.2d 600 (6th Cir. 1973), the court, interpreting the present version of 38 U.S.C. § 211(a), dismissed plaintiff's complaint to compel the Veterans' Administration to grant him a pension and denied his motion to convene a three-judge district court to consider the constitutionality of section 211(a), but stated, *inter alia*:

> This court would not hesitate to consider the merits of this action *if* the Veterans (sic) Administration had acted without statutory authority or if plaintiff had been denied a constitutional right. (Emphasis added.)

*generally*, Hart & Wechler's The Federal Courts and The Federal System 330–372 (2nd ed. 1973). Where Congressional intent to preclude

352 F.Supp. at 176. Again, the court did not address the question which must be answered before the merits of the case can be considered, to wit, whether it had jurisdiction to determine if the Administrator had exceeded his authority in the first instance.

■ The recently decided cases of *Plato v. Roudebush*, 397 F.Supp. 1295 (D.Md. 1975), and *Waterman v. Roudebush*, Civ. No. 4–77–Civ. 70 (D.Minn., June 20, 1977), held, *inter alia*, that 38 U.S.C. § 211(a) did not bar judicial review of constitutional challenges to the notice and hearing procedures followed by the Veterans' Administration when terminating veterans' benefits payments. While these cases are distinguishable from the instant case on their facts and as to the due process issues involved, they do support the proposition that a federal district court has jurisdiction over constitutional challenges made to Veterans' Administration procedures or regulations, and the related question of whether the Administration's regulations are supported by statutory authority.

THEREFORE IT IS HEREBY ORDERED that the defendants' Motion to Dismiss this action for lack of subject matter jurisdiction be, and the same hereby is, denied.

### III

The plaintiffs' have moved the court to adjourn without prejudice their Motion to Reinstate the Preliminary Injunction, or, in the Alternative, for an Injunction Pending Appeal. The court will grant this request. It is the court's understanding that the parties will now prepare and submit Cross-Motions for Summary Judgment, and responses thereto, on or before September 1, 1977. Upon receipt of these motions and responses the court shall endeavor to render a decision on these motions on or before September 15, 1977.

IT IS SO ORDERED.

such review is not clearly discernable, judicial review of the challenged regulations is appropriate.