**Estelle CARTER et al., Plaintiffs,**

v.

**Max CLELAND, Administrator of Veterans Affairs, Defendant.**

Civ. A. No. 78–871.

United States District Court, District of Columbia.

May 14, 1979.

986

Gordon S. Berman, Dennis W. Carroll, Jr., Dennis M. Sweeney, Legal Aid Bureau, Inc., Baltimore, Md., Stephen Allen, Edward C. King, Washington, D. C., for plaintiff.

Dennis L. deLeon, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

FLANNERY, District Judge.

This challenge to the Veterans Administration's "birth by another" rule comes before the court on cross-motions for partial summary judgment, and on the defendant's motion, opposed by the plaintiffs, to dismiss for want of subject matter jurisdiction. The court concludes that the nature of the plaintiffs' claims are such that the motion to dismiss must be denied as to the constitutional challenges to the "birth by another" rule, but that the defendant has a persuasive case on the merits. Partial summary judgment will be entered for the defendant.

## BACKGROUND

The plaintiffs' cause of action arises from a law that allows the surviving spouse of a deceased veteran to obtain a pension. Section 101(3) of Title 38, United States Code, provides:

The term "surviving spouse" means . . a person of the opposite sex who was the spouse of a veteran at the time of the veteran's death, and who *lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse)* and who had not remarried . . . . .

(Emphasis added.) The Veterans Administration (VA) has interpreted the "continuous cohabitation" and "fault of the spouse" requirements to mean that even if a separation was initially the fault of the veteran (e. g., through cruelty or drunkenness), a spouse must not take any actions inconsistent with the marital relationship if the spouse is to obtain death benefits:

The requirement that there must be continuous cohabitation from the date of the marriage to the date of death of the veteran will be considered as having been met when the evidence shows there was no separation due to the fault of the surviving spouse. 38 C.F.R. § 3.53 (1978).

Thus, any action by a spouse, even after an initial separation, which disrupts the "continuous cohabitation" requirement, such as seeking and obtaining a divorce, holding oneself out as the spouse of another, or having a child by another, will terminate the spouse's eligibility for benefits.[1] The "birth by another rule" has been set forth as an administrative guideline in VA Manuals:

(4) The birth of a child to the claimant as the result of relations with a person other than the veteran will be accepted as proof of lack of continuous cohabitation within the meaning of the law in the absence of evidence that the veteran condoned the claimant's conduct.

Veterans Administration Department of Veterans Benefits Manual M21–1 § 8.11(c)(4).

The rule operated in the present case as follows: Both plaintiffs were married to veterans of World War II. The veterans subsequently abused them, drank to excess, and deserted them. No divorce was ever obtained. Both of the plaintiffs eventually had children by other men, and applied for veterans' benefits. Neither plaintiff had seen the veteran for many years. Neither plaintiff established that a reconciliation occurred after the birth of children by another man. The Veterans Administration determined that the plaintiffs are not "surviving spouses" within the meaning of the Act, because although the separation was initially procured by the veteran, the spouse was subsequently deemed to be "at fault" in effectively treating the marriage as ended.

It is apparent that the word "fault", as employed in the statute, does not imply a moral judgment about the impropriety of having a child by another.[2] Rather, the "birth by another" rule appears to reflect a fairly commonsensical proposition: if the spouse has a child by another person after being thrown out by the veteran, she is effectively considering the prior relationship terminated.

## JURISDICTION

With certain exceptions not relevant here, 38 U.S.C. § 211(a) provides that:

---

1. The Veterans Administration reasons that the "purpose of the law . . . is to pay benefits to women who were the wives of deceased veterans in fact as well as in law . . . and who may have suffered financial loss because of that death." Def. Motion to Dismiss, at 5, *quoting* Board of Veterans Appeals decision on claim of plaintiff Carter.

2. The plaintiffs assert that they are being "punished" by the VA because the VA disapproves of the "immoral" conduct of giving birth to illegitimate children while still legally married to the veteran. (Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment, p. 32) This contention is absolutely unsupported by the record, and the court rejects it out of hand.

[t]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

In *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the Supreme Court interpreted this statute as allowing challenges to the constitutionality of a statute but as prohibiting review of decisions of law or fact made in the administration of the VA statutes. *Johnson* involved a challenge to provisions in the Veterans' Readjustment Benefits Act of 1966 which made conscientious objectors ineligible for educational benefits. The Supreme Court rejected an argument that it lacked jurisdiction over the challenge, noting that a challenge to the legislation was not an attack on a "decision[ ] of the Administrator . . . under any law," 415 U.S. at 361, 94 S.Ct. at 1161 (emphasis in opinion), but rather a challenge to the law itself. Thus it was reviewable, although decisions concerning benefits made in the administration of the Act are not. *Id.; see Hernandez v. Veterans Administration*, 415 U.S. 391, 94 S.Ct. 1177, 39 L.Ed.2d 412 (1974). Since the *Johnson* decision, some courts have repeatedly rejected attempts to challenge decisions of the Administrator. *E. g., Moore v. Johnson*, 582 F.2d 1228, 1232 (9th Cir. 1978) (challenge to relocation of disabled veterans; unreviewable even if discretion abused); *Anderson v. Veterans Administration*, 559 F.2d 935, 936 (5th Cir. 1977) (per curiam) (challenge to denial of benefits on constitutional grounds; fact that suit "assumes the posture of constitutional attack" does not remove pall of § 211(a)); *Ross v. United States*, 462 F.2d 618, 619 (9th Cir. 1972) (per curiam) (suit for damages because of denial of benefits barred by § 211(a) although denial of due process was alleged); *Wexler v. Roudebush*, 443 F.Supp. 31 (E.D.Pa.1977) (federal courts have only as much jurisdiction as Congress chooses to confer). *But see Wayne State University v. Cleland*, 590 F.2d 627 (6th Cir. 1978) (challenge to authority to promulgate regulations not barred by Section 211(a)).

In the present case, both Estelle Carter and Glossie Middleton filed an application with the Veterans Administration for death benefits because of their prior relationships with veterans. The Administrator made certain factual findings, and certain legal findings, and denied the claims. This would seem to be a "decision" within the jurisdictional bar of Section 211(a).

The plaintiffs nonetheless assert that they are not challenging a "decision" of the Administrator, but "rather seek a judicial declaration that a specific rule uniformly employed by the agency is unauthorized by the statute the defendant is charged with administering." The construction urged by the plaintiffs, if carried to its logical conclusion, would have the following result: a decision would be unreviewable if it was wholly fact-specific or unique, or if the Administrator studiously avoided a policy on certain issues, leaving every decision to the caprice of individual hearing examiners. As soon as the Administrator noted a recurring factual situation, however, and attempted to formulate a policy or guideline for hearing officers to use, it would be a "specific rule uniformly employed by the agency" which, under plaintiffs' interpretation of Section 211(a), would be reviewable. This would promote caprice, rather than consistency, defeating one of the two explicit legislative goals of Section 211(a). *See Johnson v. Robison*, 415 U.S. 361, 370–71, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974) (no-review clause designed to ensure that technical and complex determinations of VA policy will be adequately and uniformly made). Moreover, the contention that the "rule" followed by the Veterans Administration "finds no support in the statute," Plaintiffs' Reply Memorandum, at 4, is one that could be made in a boilerplate fashion about any policy. The court has no way of evaluating the validity of this allegation without delving into the merits, a procedure which would defeat the other explicit pur-

pose of Section 211(a). *See id.* (clause designed to ensure that veterans' benefits claims will not burden the courts with expensive and time consuming litigation).

It appears to the court that Section 211(a) on its face contains the "clear and convincing" intent of Congress to preclude review of VA decisions, even when the decisions are based on "uniformly employed" rules. Section 211(a) bars a review of any decision "on any question of law or fact under any law administered by the Veterans Administration . . ." The court concludes that the Veterans Administration's interpretation of the continuous cohabitation requirement involved a "question of law" in the "decisions" involving the plaintiffs, and that these decisions are nonreviewable by the court insofar as they are challenged on nonconstitutional grounds.[3]

The plaintiffs' constitutional challenges to the "birth by another" rule present a more difficult question. These challenges include (1) a due process argument that the birth by another rule constitutes an irrebuttable presumption in violation of the Due Process Clause of the Fifth Amendment; (2) an inchoate equal protection argument which seems to argue that the birth by another rule bears no relation to its statutory framework and that it singles out a subclass of widows for discriminatory treatment; and (3) a claim that the rule violates equal protection by discriminating against the plaintiffs on the basis of sex.[4]

The plaintiffs argue that Congress could not have intended to preclude consideration of constitutional questions, and that if Congress did so intend, Section 211(a) is unconstitutional. The court finds some guidance on this question in the recent Supreme Court decision of *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In *Weinberger,* a widow challenged a provision in the Social Security Act, 42 U.S.C. § 416 (1976), which defined "widow" and "child" so as to exclude surviving family members who had had a marital relationship with the deceased of less than nine months duration. The plaintiffs had been wife and step-child of the deceased for less than six months. A three-judge District Court held that the nine-month requirement constituted a constitutionally invalid "irrebuttable presumption." On appeal, the Supreme Court found that the District Court lacked jurisdiction over the action because of 42 U.S.C. § 405(h), which provides that

> No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 et seq.] of Title 28 to recover on any claim arising under [Title II of the Social Security Act].

In determining that this section precluded judicial review of Social Security Act claims except within the narrow limits provided for in the Act, the Court stated,

> The argument is that the present action arises under the Constitution and not under Title II. It would, of course, be fruitless to contend that appellees' claim is one which does not arise under the Constitution, since their constitutional arguments are critical to their complaint. But it is just as fruitless to argue that this action does not also arise under the Social Security Act. For not only is it Social Security benefits which appellees seek to recover, but it is the Social Security Act which provides both the standing and the substantive basis for the presen-

---

3. The plaintiffs also contend that the "birth by another" rule should have been promulgated in accordance with the Administrative Procedure Act, *see* 5 U.S.C. § 553, that this contention is independent of the statutory argument, and that it survives the court's ruling on the scope of Section 211(a). The court has examined this issue and concludes that the APA argument is without merit. The "birth by another" rule was in effect long before the VA waived its exemption from the dictates of the APA. *See* 38 C.F.R. § 1.12 (1978) (waiver effective April 11, 1972); Defendant's Motion to Dismiss, or in the Alternative, for Partial Summary Judgment, pp. 35–36 (tracing origin of "birth by another" rule). The waiver does not apply to rules in effect before the Act became applicable.

4. This issue was not briefed by the parties. No decision will be rendered on it.

tation of their constitutional contentions. Appellees sought, and the District Court granted, a judgment directing the Secretary to pay Social Security benefits. To contend that such an action does not arise under the Act whose benefits are sought is to ignore both the language and the substance of the complaint and judgment. This being so, the third sentence of § 405(h) precludes resort to federal-question jurisdiction for the adjudication of appellees' constitutional contentions.

422 U.S. at 760–61, 95 S.Ct. at 2464–2465. The court in *Weinberger* also noted that "a noncontractual claim to receive funds from the public treasury enjoys no constitutionally protected status . . . ," 422 U.S. at 772, 95 S.Ct. at 2470, although discrimination on the basis of criteria bearing no rational relationship to the legislative goal is impermissible. *See id.* In the present case, the method chosen by the Veterans Administration appears to be rational. Section 101(3) of Title 38, which is implemented in part by the "birth of another rule," is one portion of a series of laws that seek to recompense spouses of deceased veterans because of possible financial loss to the spouse as a result of the veteran's death. There is no need to provide compensation either for emotional or for financial loss if the spouse has long since ceased to regard the marriage as a binding obligation, or if the spouse has ceased to rely on the marital relationship for financial or emotional support. The "birth of another" rule, which applies if a spouse, although ousted initially by the veteran, subsequently has a child by another person, seems to the court to be a reasonable way of determining that the spouse considers the marriage to be at an end. It is regrettable that the statutory language speaks of "fault," but the court does not regard the VA as attaching any moralistic interpretations to the actions of the plaintiffs. Instead, the agency is merely working with the evidence available to reach a conclusion consistent with the in-

tent of the statute that cohabitation be continuous. Here, the Veterans Administration determined that the plaintiffs, neither of whom had had contact with her husband for 30 years,[5] were not entitled to benefits due to the veterans' deaths. That does not appear irrational or unreasonable.

Although the court finds the *Weinberger* decision to be instructive, it is not controlling in the present case, because the Social Security Act, unlike the present case, contains an alternative jurisdictional provision which provided for limited review, including the "validity of . . . regulations." 422 U.S. at 757–58 & n.5, 95 S.Ct. 2457; *see* 42 U.S.C. § 405(g). To this extent, the statute construed in *Weinberger* did not totally bar the review of alleged constitutional deficiencies.

The Veterans Administration statute contains no such provision for limited review. Moreover, the VA, in its papers, has not demonstrated by "clear and convincing" evidence that Congress intended to preclude courts from reviewing constitutional challenges to VA decisions. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Ralpho v. Bell,* 186 U.S.App.D.C. 368, 569 F.2d 607 (1977). Therefore, the court will hear the plaintiffs' constitutional arguments, avoiding the need to assess the constitutionality of Section 211(a), an endeavor that should be avoided if the statute can otherwise be construed. *See United States v. Thirty-Seven Photographs,* 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971); *Wayne State University v. Cleland, supra,* at 631.

*Plaintiffs' Due Process Contention*

 The plaintiffs assail the "birth by another" rule on the ground that it is an irrebuttable presumption that violates the Due Process Clause of the Fifth Amendment, because it conclusively attributes "fault" to the deserted spouse who has a child by another. They ignore the glaring fact that the "birth by another" rule is as

---

5. Plaintiff Carter saw her husband on two occasions since 1947, each time for about ten minutes. He died in 1976. Plaintiff Middleton separated from her husband in 1948 and appar-

ently had no contact with him until his death in 1966. *See* plaintiffs' Statement of Material Facts Not in Issue, ¶¶ 23, 24, 37–39.

much an interpretation of the continuous cohabitation requirement as it is an attribution of fault, and that there is an opportunity to establish the single fact (condonation) that could demonstrate a resumption of the marital relationship. In light of these facts, and after examining the applicable case law, the court concludes that the plaintiffs have failed to demonstrate a violation of due process.

This case is remarkably similar to the *Weinberger* decision, in which the Supreme Court rejected a contention that a "duration of relationship" presumption violated due process. In applying *Weinberger* to the present case, the court notes that the plaintiffs' due process contention is governed by *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960) (due process violated only if statute manifests a patently arbitrary classification, utterly lacking in rational justification), and *Richardson v. Belcher*, 404 U.S. 78, 84, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971) (due process not violated if goals are legitimate and classification rationally related to those goals). *Weinberger, supra*, 422 U.S. at 768–69, 95 S.Ct. 2457. The Court explicitly chose this standard of review, rather than the stricter standard for evaluating irrebuttable presumptions set forth in *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), and *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), because of the nature of the program, which was designed for the disgorgement of government benefits. *See* 422 U.S. at 771–72, 95 S.Ct. 2457. The benefits program in the present case is just such a program.

*The Plaintiffs' Equal Protection Claim*

This argument appears to be a reiteration of the due process "presumption" argument. The plaintiffs maintain that the Veterans Administration has "singled out for discriminatory treatment" the sub-class of widows who have had a child by another after separating from the veteran. "This group," according to the plaintiffs, "will conclusively be determined . . . to be at fault" in the separation. Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment, p. 32.

The court need merely note that equal protection allegations in cases involving noncontractual social welfare benefits are governed by the "reasonable basis" standard set forth in *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.E.2d 491 (1970):

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis', it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'

*See Weinberger, supra*, 422 U.S. at 769, 95 S.Ct. 2457 (citations omitted).

In the present case, widows who have given "birth by another" are classified by reason of that birth as persons who have abandoned the marital relationship. Like spouses who obtain divorces or live openly and notoriously with another, they are precluded from obtaining death benefits unless they can prove—by showing condonation—that the marital relationship has resumed. This classification appears to have a reasonable basis.

The court will enter summary judgment for the defendant. The parties will immediately begin discovery on the remaining equal protection claim. An appropriate order follows.