Opal Lee **TAYLOR** for Mary Alice Taylor, Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 80–2154.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1981.
Decided March 16, 1981.

---

Opal Lee Taylor, pro se.

Larry R. McCord, U. S. Atty., Neal Kirkpatrick, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Opal Lee Taylor filed this action on behalf of herself and her disabled daughter seeking (1) review of the Veterans Administration's (VA) denial of her claim for benefits, and (2) money damages for the "mental anguish, harassment and social ostracism" she and her daughter experienced as a result of the VA's prejudicial attitude and wrongful denial of her claim. The district court[1] dismissed holding that review of the VA decision was barred by 38 U.S.C. § 211(a) and that the claim for money damages was premature in that Taylor had not

exhausted the administrative remedies required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

Taylor did not appeal this dismissal, but instead presented to the VA her claim for money damages, which was denied. After the denial, she petitioned the district court[2] to reconsider her two claims. Interpreting the request to reconsider the earlier dismissal as a motion brought pursuant to Fed.R.Civ.P. 60(b), the district court denied the request on the basis that Taylor presented no new ground which would justify setting aside the court's earlier dismissal of her petition for review of the VA decision. As to the claim for money damages, the district court held that the administrative remedies had been exhausted, but, nevertheless, Taylor's claim must be dismissed as an attempt to circumvent the bar of Section 211(a). From this dismissal with prejudice, Taylor appeals. We affirm.

We agree with the district court that Taylor has failed to support her Rule 60(b) motion. The court may grant the extraordinary relief provided by Rule 60(b) only upon an adequate showing of exceptional circumstances. See, e. g., Horace v. St. Louis Southwestern R.R., 489 F.2d 632 (8th Cir. 1974). Taylor did not appeal from the first dismissal within the time allowed by Fed.R.App.P. 4(a), and cannot now use Rule 60(b) as a substitute for appeal. Under these circumstances the district court did not abuse its discretion in denying the motion. See Clarke v. Burkle, 570 F.2d 824 (8th Cir. 1978).

Furthermore, her claim fails when considered on the merits. First, the validity of the preclusion by Section 211(a) of judicial review has been upheld by this court, Merged Area X v. Cleland, 604 F.2d 1075, 1077–78 (8th Cir. 1979), and, second, Taylor's claims are not of the type which could avoid the operation of Section 211(a). Hernandez v. Veterans' Administration, 415 U.S. 391, 94 S.Ct. 1177, 39 L.Ed.2d 412

---

1. The Honorable Paul X Williams, Chief Judge, United States District Court for the Western District of Arkansas.

2. The Honorable Elsijane Trimble Roy, United States District Judge for the Western District of Arkansas.

(1974) (constitutional challenge of the underlying statute); *Merged Area X, supra,* 604 F.2d at 1078 (challenge of VA's authority to promulgate a regulation).

■ Taylor's claim for money damages is also barred by Section 211(a). Although Taylor's claim is in the form of a civil damage suit, the substance of her claim is an attempt to obtain judicial review of the VA's denial of her claim for benefits. Such attempts to circumvent the ban of Section 211(a) on judicial review have been rejected. *Ross v. United States,* 462 F.2d 618 (9th Cir.), *cert. denied,* 409 U.S. 984, 93 S.Ct. 326, 34 L.Ed.2d 249 (1972); *Perry v. United States,* 405 F.Supp. 1061 (E.D.Mo.1975). *See also Anderson v. Veterans Administration,* 559 F.2d 935 (5th Cir. 1977).

The judgment of the district court is affirmed.