Samuel GUTWEIN

v.

The UNITED STATES.

No. 142–87L.

United States Claims Court.

Aug. 14, 1989.

Abraham Gutwein, New York City, attorney of record for plaintiff.

Silvia Sepulveda–Hambor, Washington, D.C., with whom was Asst. Atty. Gen. Roger J. Marzulla, for defendant. David E. Bradley, Foreign Claims Settlement Com'n, of counsel.

ORDER

YOCK, Judge.

This matter is currently before the Court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff opposes defendant's motion while in the alternative seeking a transfer of this case to the United States District Court. For the reasons stated herein, defendant's motion to dismiss is denied without prejudice, and plaintiff's request for a transfer to the District Court is granted.

In 1978, plaintiff, Samuel Gutwein, filed a claim before the Foreign Claims Settlement Commission (Commission) based upon the International Claims Settlement Act of 1949 (ICSA).[1] Essentially, the ICSA allows citizens of the United States to advance claims against foreign nations "arising out of the nationalization or other taking of property." 22 U.S.C. § 1623(a) (1982). However, as a prerequisite to recovery, a claimant must have been a United States citizen at the time relevant property was allegedly taken. *Id.* at § 1644c. In this connection, the Commission concluded that Mr. Gutwein became a citizen of the United States in 1953, while the property at issue was "taken" by the German Democratic Republic in 1951. Consequently, the plaintiff's claim was denied by the Commission in a final decision dated March 18, 1981. Thereafter, plaintiff filed suit before this Court on March 17, 1987, seeking a review of the proceedings before the Commission.

Defendant has now filed a motion to dismiss the plaintiff's complaint. This mo-

---

1. In 1976, Congress amended the ICSA so as to provide for the determination of claims against the German Democratic Republic (GDR). *See* 22 U.S.C. § 1644b (1982). In the case at bar, plaintiff contends that two apartment buildings located in the GDR (East Berlin) were "taken" by that government. At the time of the alleged "taking," the buildings were apparently owned by plaintiff's father who is now deceased.

tion is premised on two fundamental arguments which essentially assert a lack of jurisdiction to proceed before this Court. First, the defendant contends that decisions rendered by the Commission are not subject to judicial review. Second, the defendant contends that this Court is not free to entertain claims which assert constitutional violations of equal protection and due process.

In opposition, the plaintiff argues that statutory language which seemingly precludes judicial review of a Commission decision does not, in fact, prohibit a constitutional challenge to the relevant statutory scheme. Additionally, plaintiff suggests that in the event this Court's limited jurisdiction prohibits the entertainment of his claim, a transfer to the District Court under 28 U.S.C. § 1631 (1982) would be appropriate.

Upon analyzing the factual and legal positions advanced by the parties, this Court is convinced that the case at bar does not fall within the jurisdictional boundaries of this Court. Although the Government has argued against any transfer of this case to the District Court, this Court has nevertheless decided that it should be so transferred. In so concluding, the Court expresses no opinion as to the merits upon which this case is based. Likewise, the transfer of this case should not be viewed as an endorsement of jurisdiction before the District Court; obviously, this Court does not have the authority to define the jurisdictional boundaries of the District Court.

The transfer of a given case is authorized only under special circumstances. The statute permitting a transfer, 28 U.S.C. § 1631, states:

Whenever a * * * court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed * * *. [Emphasis added.]

Thus, in order for a transfer to be appropriate, three factors must be present: (1) the current forum must be without jurisdiction; (2) at the time the current action was filed, it must have been commenceable in an alternate forum; and (3) a transfer must be in the interest of justice.

█ Initially, a determination must be made as to whether this Court has jurisdiction to review the proceedings held before the Foreign Claims Settlement Commission. In this regard, an important distinction exists between challenges which address findings of fact and conclusions of law as opposed to challenges which assert constitutional infirmities. It is clear to this Court that a plaintiff is prohibited from seeking judicial review of the Commission's factual findings and legal conclusions. Congress has unequivocally provided in two different sections of the ICSA that the findings of fact and conclusions of law are not reviewable. Specifically the Act states:

Nothing in [ICSA] shall be construed to diminish the independence of the Commission in making its determinations on claims in programs that it is authorized to administer pursuant to the powers and responsibilities conferred upon the Commission by * * * the [ICSA], and [the 1954 Reorganization Plan]. The decisions of the Commission with respect to claims shall be final and conclusive on all questions of law and fact, and shall not be subject to review by the Attorney General or any other official of the United States or by any court by mandamus or otherwise.

22 U.S.C. § 1622g (1982). And again in the procedural provisions of the Act, Congress reiterates that:

The action of the Commission in allowing or denying any claim * * * shall be final and conclusive on all questions of law and fact and not subject to review by * * * any * * * official, department, agency, or establishment of the United States or by any Court by mandamus or otherwise.

22 U.S.C. § 1623(h) (1982). *See also de Vegvar v. Gillilland,* 228 F.2d 640 (D.C. Cir.1955), *cert. denied,* 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859 (1956); *American and European Agencies, Inc. v. Gillilland,* 247 F.2d 95 (D.C.Cir.), *cert. denied,* 355 U.S. 884, 78 S.Ct. 152, 2 L.Ed.2d 114

(1957); *Zutich v. Gillilland,* 254 F.2d 464 (6th Cir.1958). Consequently, no jurisdiction exists before this Court to entertain such a challenge.

However, challenges which assert constitutional infirmities present a more difficult question. It is, of course, well settled that this Court does not have jurisdiction to entertain constitutional claims based on equal protection and due process arguments. *See, e.g., Montalvo v. United States,* 231 Ct.Cl. 980, 982–83 (1982) (due process); *Carruth v. United States,* 224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980) (equal protection). Therefore, plaintiff's constitutional claims also cannot be asserted before this Court. Nevertheless, this Court's inquiry must not stop here.

■ Even though this Court is without jurisdiction, other alternatives must be examined in order to protect the interest of justice. To begin with, based upon the facts presented herein, plaintiff apparently has, at a minimum, a colorable constitutional claim. That is, plaintiff contends that a federal statute which precludes judicial review of a Commission's factual findings and legal conclusions does not, in fact, foreclose a constitutional challenge to the relevant Commission's proceedings. To be sure, Supreme Court precedent exists which arguably supports this proposition. *See Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). Moreover, the Supreme Court recently held in *Webster v. Doe,* 486 U.S. 592, 108 S.Ct. 2047, 2053–54, 100 L.Ed.2d 632 (1988), that a District Court could review constitutional claims arising from the actions of the Director of Central Intelligence in terminating an employee. Such holding was made in the face of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (1982 & Supp. IV 1986), which seemingly precluded judicial review. In any event, this Court believes that plaintiff's constitutional claims are appropriate for consideration by the appropri-

ate forum.[2] Consequently, it is incumbent on this Court to determine if such a forum exists.

In this connection, it is noted that a United States District Court has jurisdiction to review administrative decisions pursuant to the Administrative Procedure Act as well as to review challenges based on constitutional grounds. More specifically, the Supreme Court has concluded that District Courts have jurisdiction to entertain claims strikingly similar to those presented by the case at bar. *See, e.g., Hernandez v. Veterans' Administration,* 415 U.S. 391, 94 S.Ct. 1177, 39 L.Ed.2d 412 (1974); *Johnson, supra,* 415 U.S. at 361, 94 S.Ct. at 1162. Therefore, it appears that jurisdiction over this case would be appropriate in a District Court.

Finally, given the lack of jurisdiction before this Court and the apparent presence of jurisdiction before the District Court, the sole remaining factor to be considered is whether a transfer to the District Court is in the interest of justice. In determining whether the interest of justice would be best served by a transfer, the Court must focus on the specific facts and circumstances of a given case. Likewise, the decision to transfer a case rests in the sound discretion of the Court. *See L'Enfant Plaza Properties, Inc. v. United States,* 227 Ct.Cl. 1, 11, 645 F.2d 886, 892 (1981).

Based upon the facts and circumstances presented by this case, this Court finds that the interest of justice requires a transfer to the District Court. The plaintiff has identified established Supreme Court precedent which arguably supports his position. *See Weinberger, supra,* and *Johnson, supra.* Consequently, this Court can think of no reason to thwart plaintiff's opportunity to present his arguments by refusing to transfer this case. Moreover, if the Court were to dismiss plaintiff's complaint outright thereby forcing plaintiff to start anew in the District Court, it is likely that plaintiff would face elimination due to the expiration of the statute of limitations.

---

**2.** This Court expresses no opinion as to the merits of plaintiff's claims and nothing herein should be construed to mean otherwise.

Plaintiff should not be forced to take such a risk. All in all, the interest of justice can only be served by transferring the present case to the District Court.

Therefore, for the reasons stated herein, the defendant's motion to dismiss is denied without prejudice, and this case is to be transferred to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1631 (1982). Judgment shall be entered accordingly. No costs.

IT IS SO ORDERED.