The **EVERGREEN STATE COLLEGE et al., Plaintiffs,**

v.

**Max CLELAND, Administrator, Veterans' Administration, et al., Defendants.**

**Civ. No. C78–87M.**

United States District Court,
W. D. Washington.

March 21, 1979.

Richard M. Montecucco, Senior Asst. Atty. Gen., Larry R. Schreiter, Asst. Atty. Gen., Slade Gorton, Atty. Gen., Olympia, Wash., for plaintiffs.

Lawrence Maloney, Shalom Brilliant, Dept. of Justice, Washington, D. C., for defendants.

## ORDER

McGOVERN, Chief Judge.

THIS MATTER comes on for consideration before the undersigned Judge of the above-entitled Court upon defendants' motion for reconsideration of this Court's Order of February 6, 1979, granting partial summary judgment to plaintiffs. In so ordering, the Court upheld the validity of the regulations challenged in this suit, 38 C.F.R. § 21.4200(g) and § 21.4272(d) as amended, except insofar as they were applied to the circumstances described in 38 U.S.C. § 1788(a)(4)(A). In light of the new infor- mation made available for the Court's consideration only by way of the instant motion, the Court finds that its Order must be modified.

As outlined in the February 6 Order, plaintiffs filed this action because of concern with the implementation by the VA, and the enforcement thereof, of DVB Circular 20–77–16, Measurement for Payment Purposes VA Regulation § 21.4272(d). The circular noted that effective October 26, 1976, VA regulations were amended as follows:

"In no case will a course be measured as full time when less than fourteen standard class sessions per week (or twelve standard class sessions if twelve credit hours is full time at the school) are required. Likewise, a proportionate number of weekly standard class sessions is required to support an assignment of part-time training."

VA Regulation § 21.4200(g) defines the term "standard class session" as:

" . . . the amount of time a student is required, in a regular quarter or semester, to spend in class or per week for one quarter or one semester hour of credit. Normally a standard class session is not less than 1 hour (or 50-minute period) of academic instruction, 2 hours of laboratory training, or 3 hours of workshop training."

Plaintiff institutions and individual veteran students oppose the VA's adoption of this course measurement for purposes of GI Bill educational assistance payment. They have vigorously argued that in 38 U.S.C. § 1788(a)(4) Congress has already defined full-time study for purposes of VA educational assistance benefits. In response to the instant motion, plaintiffs reassert their position that the VA had no statutory authority under § 1788 to dictate what constitutes a standard class session or to what extent institutions may offer classes other than on a weekly basis. Plaintiffs have maintained that the challenged regulations are therefore void and unenforceable with respect to plaintiff institutions, and that the regulations also constitute impermissi-

ble federal control and supervision over an educational institution in violation of 38 U.S.C. § 1782.

It is defendants' position that the VA's "seat time" requirements are merely a clarification of the term "semester hour" as it is used in § 1788(a)(4). Defendants therefore conclude that the regulations at issue have been promulgated and implemented within the scope of the 38 U.S.C. § 210(c)(1) statutory grant of authority to the VA Administrator.

In its Order of February 6, this Court determined on the basis of legislative history then before it that the appropriate number of semester hours needed for full-time study at a particular institution is to be made by the institution, not the VA, and that a veteran student who is paying full-time tuition should receive full-time assistance benefits. Under this interpretation, the challenged regulations are inconsistent with § 1788(a)(4)(A) in that they establish a 12 semester hour minimum where the Court found no such limitation in the statute.

By way of this motion for reconsideration, defendants have for the first time furnished this Court with a legislative history of the Act which is subsequent in time to that which the parties had previously presented and on which the Court had relied in its February 6 Order.[1] The Court is now aware that Congress revised its definition of the full-time college (including junior college) student by enactment of Public Law 91–584 in December, 1970.[2] This further revision provided that even if a college charges full-time tuition for fewer than 12 semester hours, the veteran must take at least 12 hours to receive a full-time allowance, whereas the March Public Law 91–219 amendments had left the minimum number of credit hours open-ended.[3] This Court's February 6 ruling is thereby contradicted.

The Court also observes that it is clearly apparent from a reading of the *Wayne State* opinions of the district court and of the Sixth Circuit that those courts were also not informed of the December, 1970 amendment which is just now presented to this Court. Such failure by the Agency of Government most vitally concerned with it to properly apprise the courts of the pertinent legislative history of the Act under consideration is difficult for the Court to understand, disappointing and the cause of the unfortunate result of such failure to advise.

The February 6 ruling reflected this Court's effort to find in the narrowest sense that the VA had not exceeded its authority, and at the same time, preserve the autonomy of plaintiff institutions with respect to the organization, content and the style of educational programs. The Court recognizes that the VA has a legitimate interest in attempting to insure that veterans' educational benefits are neither wasted nor abused. The Court also recognizes Congress' commitment to academic freedom

1. In a case directly on point, *Wayne State University v. Cleland*, 440 F.Supp. 811, 819 (E.D. Mich., 1977), 590 F.2d 627 (6th Cir., 1978), the district court also relied on the identical legislative history of March, 1970 which supported the Veterans Education and Training Amendments Act, 1970 *U.S. Code Cong. and Admin. News*, pp. 2576, 2598–2599, relating to the measurement of courses:

   " . . . at an institution where full-time tuition is charged to all undergraduate students carrying a minimum of less than 14 semester hours or its equivalent, that number of hours, *whatever it is*, would become the minimum measurement of full-time study at that institution. . . . The minimum number of hours at a particular institution would be certified by the college or university to the Administrator of Veterans Affairs . . . . The Committee believes that a vet-

   eran who is paying full-time tuition should receive a full-time education assistance allowance . . . ." (emphasis supplied).

2. The amendment pertinent to this action was appendaged to a basic bill pertaining to the extension of GI Bill educational and home loan benefits for families of servicemen who were missing in action, captured by a hostile force or interned by a foreign government or power.

3. A nation-wide survey conducted after the March amendments indicated that contrary to previous information and belief, there were a number of schools charging full-time tuition for only 7 or 8 hours per semester. This had the effect of reducing part-time requirements to extremely low levels. Senate Report No. 91–1232.

and its belief that judgments of a program nature belong with the educators.[4] Because of this strong presumption against government intervention in academic concerns, a specific congressional intent is required to authorize agency regulation and organization of classroom time.

 It is the opinion of this Court that neither the plain reading of the statute nor its legislative history indicate any express delegation of authority to the VA to set minimum weekly class attendance requirements with respect to full-time college level courses offered on a quarter or semester hour basis which lead to a standard college degree. The congressional definition of full-time course of study for VA benefits purposes is contained in § 1788(a)(4) which provides that an institutional undergraduate course *shall* be considered a full-time course when a veteran student is (1) carrying the equivalent of 14 semester hours, or (2) carrying 12 semester hours and is paying full-time tuition, or (3) carrying 12 semester hours and is considered full-time for other administrative purposes. Indeed, the use of the word "shall" is a mandate to the VA to accept an institution's definition of full-time study. The construction of this provision is inherently clear and not in need of further interpretive or contradictory regulations. Therefore, the veteran student enrolled in a full-time course of study as defined by plaintiff institutions is entitled to full-time VA educational assistance benefits so long as the conditions of § 1788(a)(4) are met. In light of the foregoing and in consideration thereof, NOW, THEREFORE,

It is hereby ORDERED, ADJUDGED and DECREED that defendants' motion for reconsideration is GRANTED.

It is further ORDERED, ADJUDGED and DECREED that the regulations at issue are held to be valid but only as to courses outside the scope of 38 U.S.C. § 1788(a)(4). Plaintiff institutions are enti-

tled to define a full-time course of study within that provision.

---

4. E. g., 38 U.S.C. § 1782 provides in pertinent part:

"No department, agency, or officer of the United States, in carrying out this chapter, shall exercise any supervision or control, whatsoever, over any State approving agency, or State educational agency, or any educational institution. . . . "