**WAYNE STATE UNIVERSITY et al., Plaintiffs,**

v.

**Max CLELAND, Administrator, Veterans' Administration et al., Defendants.**

Civ. A. No. 7-70973.

United States District Court, E. D. Michigan, S. D.

Sept. 4, 1980.

See also, D.C., 440 F.Supp. 806, 473 F.Supp. 8.

James K. Robinson, U. S. Atty., Charles J. Kalil, Asst. U. S. Atty., Jay E. Brant, Chief, Civ. Div., U. S. Atty. Office, Detroit, Mich., for plaintiffs.

Elmer Roller, Wayne State University, Detroit, Mich., Gordon A. Gregory, Detroit, Mich., Richard A. Fulton, C. William Tayler, Kenneth J. Ingram, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JULIAN ABELE COOK, Jr., District Judge.

A detailed procedural history of this case is set forth in this Court's earlier Opinion, *Wayne State University v. Max Cleland,* 473 F.Supp. 8 (E.D.Mich.1979) wherein the Plaintiffs' Motion for Preliminary Injunction on the remaining Constitutional issues was denied.[1]

Briefly stated, this litigation involves the College of Lifelong Learning, a weekend college program initiated by Wayne State University. Designed for those who, because of employment and/or marital responsibilities are unable to attend twelve hours of classes per week, the Program awards four credit hours for a weekly tele-

---

1. *See also Wayne State University v. Cleland,* 440 F.Supp. 806 (E.D.Mich.1977); *Wayne State University v. Cleland,* 440 F.Supp. 811 (E.D. Mich.1977); *Wayne State University v. Cleland,* 590 F.2d 627 (6th Cir. 1978).

vision course, four credit hours for weekly classroom study, and four credit hours for a weekend conference which meets two weekends per quarter.

On March 1, 1977, the Veterans' Administration, relying upon Veterans' Administration Regulations 14272(D) and 14200(G), advised Wayne State University that its Weekend College Program did not qualify for "full–time" benefits for those weeks when the students were not attending twelve 50–minute classroom sessions.[2] Consequently, veterans enrolled in the Weekend College Program would receive "full–time" benefits only during those weeks when they were in attendance for twelve (12) or more hours.

Wayne State University and five students responded with this lawsuit, claiming that the regulation and implementation circular were beyond the Administrator's statutory authority and were unconstitutional. The Trial Court, after certifying the full time veteran students enrolled in the Program as a class, pursuant to Rule 23(b)(2) and 23(c)(1) *Fed.R.Civ.P.*, determined that the Administrator had, indeed, exceeded his authority and enjoined enforcement of the regulation.

On appeal, the Sixth Circuit reversed the District Court's findings that the Administrator exceeded his statutory authority.

**2.** An amendment to Veterans' Administration Regulation 14272(D), effective October 26, 1976, requires attendance at twelve class sessions per week to qualify for full time benefits. The amendment was implemented by DVB Circular 20–77–16, issued February 9, 1977.

**3.** *Wayne State University v. Cleland*, 590 F.2d 627 (6th Cir. 1978).
The Court notes that three Federal District Courts, when presented with substantially similar arguments and in passing on the identical or similar Regulations, determined that the Regulations were in excess of the Administrator's statutory authority and void. *See, Wayne State University v. Cleland*, 440 F.Supp. 811 (E.D.Mich.1977); *Evergreen State College v. Cleland*, 467 F.Supp. 508 (W.D.Wash.1979); *Merged Area (Education) X v. Cleland*, 604 F.2d 1075 (8th Cir. 1979) (reversing the District Court from the N. D. Iowa). Yet, on appeal, the Sixth Circuit, the Ninth Circuit, and the Eighth Circuit all reversed the trial judges' findings on the statutory authority issue.

The case was remanded for consideration of the Constitutional claims.[3]

Presently before the Court is the Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. On February 28, 1980, the parties presented oral arguments in support of their positions. Post hearing supplemental briefs have been submitted by both sides.[4]

The Defendants assert that Veterans' Administration Regulation 14272(D), 38 C.F.R. 21.4272(d) and its implementing Circular 20–77–16, do not violate the Constitutional rights of the Plaintiffs.

I

The Defendants initially address the First Amendment claims of the Plaintiffs that the Regulation restricts the veteran–student's right to freely associate, and that the Regulation is an unconstitutional intrusion upon the educational process.

The Defendants' position is straightforward. They do not believe that a First Amendment issue is legally presented beyond the mere allegations of the Complaint. They support this position by the fact that the Regulation neither dictates the content of ideas expressed in the classroom nor the student's choice as to how much time to devote to his education.

This Court, though clearly bound by the decision of the Sixth Circuit Court of Appeals, finds itself in agreement with Judge Keith and the two other District Court Judges regarding the statutory issues involved in this litigation. Nonetheless, those issues are not now, and never have been, before this Court.

**4.** In addition, the Court has received a letter, dated June 4, 1980, from Plaintiffs' counsel, advising the Court of the Veterans' Administration's Education and Advisory Committee's progress on the subject of "contact" time. The Government, through its July 21, 1980 communication, presented the Court with a July 8, 1980 letter from the Veterans' Administration on the issue of "contact" time. Plaintiffs assert that if the Committee revises the definition of "contact" time, this litigation could become moot. The United States responds that a revision of the definition would have no relevance to this litigation; moreover, it contends that it is speculation that the agency will revise its definition to conform to the Plaintiffs' position.

The Plaintiffs respond that the Regulation exerts a chilling effect on their First Amendment rights by limiting a veteran–student's right to freely associate with other students and educators in the educational context of his choice, by hindering a veteran–student from expressing himself in the educational context of his choice and by coercing the University with respect to the ways in which it chooses to organize its educational activities. The Plaintiffs claim that the affidavits of veteran–students which were submitted demonstrate the impact of the Regulation upon the students' association and academic rights.[5] Additionally, the Plaintiffs contend that a review of the depositions of the Veterans' Administration officials reveal that there is no compelling state interest justifying the First Amendment intrusion.[6]

The Court has reviewed the affidavits on file, as well as the depositions in search of the Plaintiffs' claim that the First Amendment has been ignored. Those documents fail to support their position from a factual standpoint.

Moreover, case law fails to support Plaintiff's position from a legal standpoint. Not a single case cited by Plaintiffs legally supports their contention that the Veterans' Administration Regulation at issue restricts their freedom to associate and/or unconstitutionally interferes with the educational process.[7]

The Court finds that there is no genuine issue of fact as to Plaintiffs' First Amendment claims and, accordingly, grants Summary Judgment for the Defendants. 56(e), *Fed.R.Civ.P.* Additionally, the Court finds that Defendants are entitled to Summary Judgment on this issue as a matter of law. Rule 56(c), *Fed.R.Civ.P.*[8]

## II

The Defendants next claim that the challenged Regulation does not violate the due process rights of the Plaintiffs. Citing *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), the Defendants state that the proper standard of review is the rational basis standard.[9] To support its position that the Regulation in this case is rationally based, the Defendants rely upon the case of *Cleland v. National College of Business*, 435 U.S. 213, 98 S.Ct. 1024, 55 L.Ed.2d 225 (1978) where the Supreme Court found a Regulation, though

5. Plaintiffs' response in opposition to Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, states, at Page 15, "the student affidavits submitted in support of this opposition demonstrate clearly the impact the challenge regulations are having on students' rights of association and academic freedom." The Court finds no new student affidavits submitted by the Plaintiffs other than those before the Court prior to the hearing on the Motion for Preliminary Injunction. Document 73, Civil Action No. 7–70973. However, those affidavits do not now, and did not then, demonstrate any First Amendment intrusions.

6. Documents 108, 109, 110, 111, 112, 113, 114, 115, and 117, Civil Action No. 7–70973, are depositions of Veterans' Administration employees. The Plaintiffs contend that the depositions demonstrate a lack of compelling state interest. The Court has reviewed those depositions, and disagrees with Plaintiffs' assertion that they raise questions of fact on the First Amendment claims. However, even if those depositions had revealed a lack of compelling state interest, a First Amendment violation would not necessarily follow, since Plaintiffs have not shown, by way of those depositions, any interference with their associational rights. *See NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1968).

7. For example, *Bates v. Little Rock*, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960), relied upon by Plaintiffs, is inapplicable. In *Bates*, the Supreme Court held that municipalities could not require compulsory disclosure of NAACP membership lists as part of their occupational license ordinances. All of the cases cited by Plaintiffs on associational rights are equally distinguishable. Likewise, the cases cited on education have limited applicability to these facts. *See also, Cleland v. National College of Business*, 435 U.S. 213 n. 6, 98 S.Ct. 1024, n. 6, 55 L.Ed.2d 225 (1978).

8. *See* 6 *Moore's Federal Practice*, ¶ 56.17[10] (2d ed.) as support for the appropriateness of summary relief on Constitutional issues and as supporting the Plaintiffs' contention throughout that Constitutional violations can raise factual questions.

9. See this Court's earlier Opinion, *Wayne State University v. Cleland*, 473 F.Supp. at 12.

not the same Regulation as in the instant cause, to be a rational response to past abuses of the Veterans' Administration Educational Assistance Programs.[10]

While the Defendants have stipulated that Wayne State University has not abused the Veterans' Administration Educational Assistance Program, they defend the Regulation at issue, in part because it was promulgated with all institutions, nationwide in mind, and not merely Wayne State University. They defend further by noting the Supreme Court's recognition in *Cleland v. National College of Business, supra,* of past abuses in the Veterans' Administration's Educational Assistance Programs.[11]

The Plaintiffs' response is that factual issues remain which prevent summary relief on the due process and equal protection issues. They claim that the "object" of the Regulation is a material issue of fact that this Court must determine.[12] They rely upon the depositions of Veterans' Administration employees who testified that they did not know the purpose of the Regulation[13] and the deposition of other employees who have differing explanations of the Regulation's purpose.[14]

The Defendants have stated that the object of the Regulation is to prevent abuse of the educational benefits program. As a correlative, and in further defense of the Regulation, the Defendants assert that "the regulation adjusts the level of benefits to the needs of veteran students in an objective and administratively feasible manner by insuring that maximum benefits go to veterans whose academic schedules allow them the least opportunity for supplementing their income through employment." The fact that individual employees of the Veterans' Administration do not understand its intent does not lead to the conclusion that the Regulation is not rationally based.

Plaintiffs further maintain that a fact issue remains as to whether the Regulation is reasonably related to its purpose, and Plaintiffs rely upon their experts' affidavits to show that the Regulation is contrary to accepted education practice. However, as previously set forth, the standard of review is whether there exists a rational basis for the Regulation. Even if the Plaintiffs can show, and in fact their experts' affidavits do state, that the Regulation is contrary to accepted educational practice, the Regulation does not then become irrational.[15] Similarly, the Plaintiffs claim that a fact question remains as to whether the Regulations were properly applied to Wayne State University. However, the Court lacks subject matter jurisdiction to entertain this allegation.[16]

It is important to recall the language of the Sixth Circuit vis-a-vis the standards set forth in *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), when it reversed the trial judge on the issue of whether or not

---

10. *See Wayne State University v. Cleland,* 473 F.Supp. at 12.

11. The Court notes that, in *Wayne State University v. Cleland,* 590 F.2d at 634, n. 18, the Sixth Circuit also recognized the past abuses of the benefits programs when it found that the Administrator had acted within his statutory authority.

12. *See* 6 *Moore's Federal Practice,* ¶ 56.17[10] (2d ed.). As noted in Footnote 8, Constitutional violations can involve questions of fact.

13. *See* Wilson Deposition, Document 109, Pages 22, 27, 38; Dollarhide Deposition, Document 114, Page 19; Thornton Deposition, Document 110, Pages 21, 25.

14. *See* Porter Deposition, Document 111, Page 7; Davis Deposition, Document 108, Page 7; Schaeffer Deposition, Document 112, Pages 10–11; Bochicchio Deposition, Document 115, Page 9.

15. *See Califano v. Aznavorian,* 439 U.S. 170, 99 S.Ct. 471, 58 L.Ed.2d 435 (1978) where the Supreme Court found that a rational basis existed in support of a Regulation, even where the justification was not compelling.

16. *See, Wayne State University v. Cleland,* 590 F.2d 627, 631 (6th Cir. 1978).

472

the Administrator exceeded his statutory authority.[17]

The regulations also pass muster under the final two parts of the *Overton Park* standard. The regulations are not an arbitrary and capricious exercise of administrative authority. Rather, they are a rational and reasonable implementation of what is meant by a "semester hour." The regulations are also a reasonable means to insure that potential abuses in the administration of veterans' educational benefits are prevented.

590 F.2d 627, 634 (6th Cir. 1978).

While the Court of Appeals clearly did not reach the Constitutional issues, its conclusion that the Regulations are a reasonable means to prevent potential abuses of the educational benefits program cannot be ignored by this Court in passing upon the Plaintiffs' Fifth Amendment claims.

The Court has allowed discovery to reopen for over one year in its desire to grant to the Plaintiffs the fullest opportunity to establish their claims. The depositions, affidavits and arguments fail to raise any genuine issues of material fact. Indeed, when the Court denied the Plaintiffs' Motion for Preliminary Injunction, it was well aware of the burden the Plaintiffs faced, given the Sixth Circuit's conclusions as to the reasonableness of the regulation.[18] The Court now concludes that Veterans' Administration Regulation 14272(D) and its implementing circular are rationally based. They are neither arbitrary nor capricious. They do not violate the Fifth Amendment.

Accordingly, the Defendants' Motion for Summary Judgment as to Plaintiffs' Fifth Amendment claims shall be, and is, granted pursuant to Rule 56(c) and (e), *Fed.R.Civ.P.*

III

The Court has hereinabove entered summary relief in favor of the Defendants on the remaining issues of this litigation. Judgment shall enter accordingly.

So Ordered.

17. In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), the Supreme Court set forth the standards for judicial review of agency action.

In pertinent part, the Court said as follows: Certainly, the Secretary's decision is entitled to a presumption of regularity (citing cases). But that presumption is not to shield his action from a thorough, probing, in–depth review.

The Court is first required to decide whether the Secretary acted within the scope of his authority (citing cases). This determination naturally begins with a delineation of the scope of the Secretary's authority and discretion. . . .

Scrutiny of the facts does not end, however, with the determination that the Secretary has

acted within the scope of his statutory authority. Section 706(2)(A) requires a finding that the actual choice made was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1964 ed., Supp. V).

To make this finding, the Court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment (citing cases) . . . .

The final inquiry is whether the Secretary's action follows the necessary procedural requirements.

401 U.S. at 415–17, 91 S.Ct. at 823–824.

18. *See, Wayne State University v. Cleland*, 473 F.Supp. at 12.