**Isobel MOORE et al.,
Plaintiffs-Appellants,**

v.

**Donald E. JOHNSON et al.,
Defendants-Appellees.**

**No. 75–2717.**

United States Court of Appeals,
Ninth Circuit.

Sept. 28, 1978.

Thomas A. Diamond (argued), Los Angeles, Cal., for plaintiffs-appellants.

Philip S. Malinsky, Asst. U. S. Atty. (argued), Los Angeles, Cal., for defendants-appellees.

Before SNEED and KENNEDY, Circuit Judges, and CALLISTER,* District Judge.

SNEED, Circuit Judge:

This case nicely illustrates the constitutional procedural due process screen through which tolerably plain and straightforward statutory provisions sometimes must pass in order to discover their meaning as intended by Congress and as compelled by the Constitution, as interpreted by the courts. The principal statutes are 38 U.S.C. §§ 211 and 610 and the screen is derived from the Fifth Amendment. Whether the screen is necessary in this case depends, as will appear, on how the plaintiffs' complaint is characterized.

The district court dismissed the complaint on the grounds that the court lacked jurisdiction and that the complaint failed to state a cause of action. We affirm.

## I.

### *District Court's Disposition of Plaintiffs' Complaint.*

The complaint alleges that the plaintiffs are eligible recipients of domiciliary care within Veterans Administration facilities pursuant to 38 U.S.C. §§ 601–628 and 38 C.F.R. § 17.47. On January 14, 1972, plaintiffs were informed by defendant Donald E. Johnson, then Administrator of the Veterans Administration, that it was necessary to relocate them because the buildings in which they received care had irremediable structural deficiencies. On or about the same day plaintiffs received a second letter in which they were asked to choose from among several alternative residence locations to which they might be relocated. Although the plaintiffs did not wish to relocate, and allege that some of the buildings from which they are being removed are not unsafe, they indicated, in response to the second letter, certain alternative residence locations in the belief that they would not be permitted to remain where they were. Relocation, the complaint alleges, would deprive the plaintiffs of the comfort of friends and family and subject them to severe emotional distress. Refusal by the plaintiffs to be relocated, on the other hand, would place them at the mercy of local welfare laws and officials and cause economic, physical, and emotional distress. It was also alleged that the relocation has caused the defendants to terminate the vocational training benefits or restoration program of plaintiff McGruder.

The complaint further alleges that defendants do not intend to provide the plaintiffs with a pre-relocation hearing and that the post-relocation appeal procedures, 38 C.F.R. § 19.101–.156, are "defective in that (1) the regulations do not provide for a continuation of benefits pending the outcome of the appeal; (2) the regulations do not appear to require a hearing on all cases;

---

* Hon. Marion J. Callister, United States District Judge, for the District of Idaho, sitting by designation.

(3) cross-examination of witnesses is not allowed; (4) the Board's decision is not necessarily based on evidence advanced at the hearing; and (5) the Board's decision is final and may not be reviewed by a court pursuant to 38 U.S.C. § 211." The plaintiffs further allege that at a pre-relocation hearing they would show that the defendants' actions for various reasons were arbitrary and capricious. Finally, they allege that the failure to provide a pre-relocation hearing violates the due process clause of the Fifth Amendment.

The prayer of the plaintiffs seeks (1) the issuance of a preliminary and permanent injunction restraining the relocation until a pre-relocation hearing, conforming to the Fifth Amendment, is provided, (2) a declaratory judgment to the effect that relocation without a prior hearing violates the Fifth Amendment and that 38 U.S.C. § 211 constitutes an unconstitutional delegation of legislative power by Congress, and (3) damages in the amount of $15,000 for physical and emotional injuries caused by the prospect of relocation. Jurisdiction allegedly exists under 28 U.S.C. §§ 1331, 1332, 1361, 2201, 2202, as well as 5 U.S.C. § 702.

The district court in May 1972 dismissed the complaint on the ground of no jurisdiction. Plaintiffs appealed to this court and two years later, May 1974, we reversed by means of a brief memorandum in which we "remanded to the district court for further consideration in light of *Johnson v. Robison,* [415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974)]; *Hernandez v. Veterans' Administration,* [415 U.S. 391, 94 S.Ct. 1177, 39 L.Ed.2d 412 (1974)]; *Arnett v. Kennedy,* [416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974)]; and *Scheuer v. Rhodes,* [416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)]."

On remand the district court, as previously indicated, dismissed the complaint once more on the ground of lack of jurisdiction and a failure to state a claim upon which relief can be provided. The district court interpreted the complaint to allege that the relocation decision of the defendants "was applicable to all veterans residing within certain buildings of the Veterans Adminis-

tration facility located at Wilshire and Sawtelle Boulevards, Los Angeles, and that the decision to terminate the restoration program was applicable to all veterans who received the benefits of such program at the Veterans Administration facility located at Wilshire and Sawtelle Boulevards in Los Angeles."

In its conclusions of law the district court first treated plaintiffs' complaint as a challenge to the decisions of the Administrator of the Veterans Administration to relocate certain veterans receiving domiciliary care and to terminate certain vocational training benefits. So viewed, judicial review was precluded by 38 U.S.C. § 211(a) even if the Administrator abused his discretion in making the decisions. The district court also concluded that 38 U.S.C. § 211(a) was not unconstitutional on its face. In addition, it concluded that the furnishing of domiciliary care is within the discretion of the Administrator pursuant to 38 U.S.C. §§ 610 and 621 and not subject to review by reason of 5 U.S.C. § 701(a)(2). Because no duty to furnish domiciliary care exists, jurisdiction under 28 U.S.C. § 1361 does not lie and, in the absence of independent jurisdictional grounds, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, confers no jurisdiction. To the extent that injunctive relief requires action by the Veterans Administration it constitutes a suit against the United States to which, as indicated by 38 U.S.C. § 211(a), it has explicitly not consented.

In its other conclusions of law the district court shifted its focus to the constitutional issues raised by the plaintiffs. Pre-relocation hearings were not required by Fifth Amendment due process because plaintiffs had no "property" interest in either continued domicile at a particular Veterans Administration facility or the continuation of a restoration program. Moreover, the district court further concluded that even if plaintiffs had a "property" interest it was of a character that did not require a pre-relocation hearing. Finally, the district court characterized the decisions of the Administrator as rule making not subject to notice and a prior hearing.

## II.

*Characterization of Plaintiffs' Complaint.*

■ The duration of this litigation suggests mootness. Although the record does not reveal whether or not the plaintiffs have been relocated, we do not consider the appeal moot even if relocation has occurred. The complaint, assuming it states a cause within our jurisdiction, contains a prayer for damages which actual relocation neither will extinguish nor make moot. This requires that we address the merits of the plaintiffs' complaint even if all remedies they seek would not be available because of prior relocation.

Turning to the merits, we confront *Johnson v. Robison,* 415 U.S. 361, 366–67, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), which established the principle that 38 U.S.C. § 211(a) does not bar the determination by a federal court of the constitutionality of veterans' benefits legislation. Subject to certain exceptions, § 211(a) precludes judicial review of "the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors . . ." Quite understandably, disappointed veterans have cast their pleadings in court in the form of an attack on the constitutionality of veterans' benefits legislation rather than as claims for benefits previously denied by the Administrator. We, as well as other circuits, have examined the "substance" of the action to determine whether review, as is now required by *Johnson v. Robison,* is available. *Ross v. United States,* 462 F.2d 618, 619 (9th Cir.), *cert. denied,* 409 U.S. 984, 93 S.Ct. 326, 34 L.Ed.2d 249 (1972). *See Anderson v. Veterans Administration,* 559 F.2d 935 (5th Cir. 1977); *Langston v. Johnson,* 156 U.S.App.D.C. 5, 6, 8, 478 F.2d 915, 916, 918 (1973); *Milliken v. Gleason,* 332 F.2d 122, 123 (1st Cir. 1964), *cert. denied,* 379 U.S. 1002, 85 S.Ct. 723 (1965); *Perry v. United States,* 405 F.Supp. 1061 (E.D.Mo.1975); *Taylor v. United States,* 379 F.Supp. 642, 649–50 (W.D.Ark.1974).

Our examination of the "substance" of the plaintiffs' action leaves us in the posi-

tion that the district court, by its conclusions of law, indicates it held. That is, it regarded the complaint as challenging a decision of the Administrator on a "question of law or fact concerning a benefit provided by a law administered by the Veterans Administration"; but it was not sufficiently certain of its characterization to refrain from addressing the plaintiffs' constitutional issues. We, also, are in sufficient doubt to move us to confront and dispose of their constitutional arguments.

We reach this conclusion by recognizing that it is not unreasonable to regard the complaint, despite its lack of precision, to allege that the failure of 38 U.S.C. §§ 601–628, 4001–4009, and the applicable regulations thereunder, to provide for a pre-termination or pre-relocation hearing, with respect to domiciliary care and vocational training benefits, contravenes the Fifth Amendment. So regarded the challenge is to an act of Congress, not a decision of the Administrator, which, under *Johnson v. Robison, supra,* entitles the complainants to judicial review notwithstanding 38 U.S.C. § 211(a). We shall, accordingly, treat the "substance" of the complaint in each of these two ways.

## III.

*Complaint As A Challenge To Decision of Administrator.*

■ Treating the complaint as a challenge to the decision of the Administrator to relocate certain veterans receiving domiciliary care and to terminate certain vocational training benefits on the basis of questions of law or fact, we hold that the conclusions of the district court are correct. Judicial review is barred by 38 U.S.C. § 211(a) even if the Administrator abused his discretion in making the decisions. *See Lynch v. United States,* 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434 (1934). The Supreme Court recognized the constitutionality of 38 U.S.C. § 211(a) in *Johnson v. Robison, supra,* holding that the statute did not purport to foreclose judicial review of actions challenging the constitutionality of veterans' benefits laws.

The supporting conclusions of the district court are also sound. That is, the benefits made available by 38 U.S.C. § 610, being such as the Administrator "may furnish" and "within the limits of Veterans' Administration facilities," are thus committed to agency discretion by law; and by reason of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), agency action with respect thereto is not subject to judicial review. Furthermore, the district court is correct in its conclusions regarding the absence of jurisdiction under 28 U.S.C. §§ 1361, 2201, 2202 and the absence of consent by the United States to be sued.

## IV.

### Complaint As A Challenge To An Act of Congress.

The plaintiffs fare no better when their complaint is treated as a challenge to an Act of Congress. Their challenge, so viewed, requires that we employ the now commonplace two-step analysis derived from *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). As we said in *Stretten v. Wadsworth Veterans Hospital,* 537 F.2d 361, 365 (9th Cir. 1976), "we must determine whether his [their] interest here being asserted rises to the level of a 'property' or 'liberty' interest." If neither exists, the second step, that of determining what process is constitutionally required, becomes unnecessary.

We hold that, with respect to the benefits the plaintiffs were receiving prior to their alteration or termination by the Administrator, the interests of the plaintiffs failed to rise to the level of a "property" or "liberty" interest. "Liberty" interests, recognized by *Roth,* are infringed "when the state makes a 'charge against him that might seriously damage his standing and associations in his community.'" *Stretten v. Wadsworth Veterans Hospital,* supra at 365. The plaintiffs' complaint alleges no such injury. "Property" interests, it is said, must be more than a "unilateral expectation," *Board of Regents v.*

*Roth,* 408 U.S. at 577, 92 S.Ct. 2701, but need not be interests "embraced within the traditional notions of real or personal property." *Stretten v. Wadsworth Veterans Hospital, supra* at 366. The middle ground, within which "property" interests are found, is where "a legitimate claim to entitlement" to the benefit exists. *Id.* Put another way, "The touchstone [for determining the existence of a property interest] is whether those seeking the protection of the Fifth Amendment have a legitimate, objectively justifiable claim to the benefits of the governmental program." *Geneva Towers Tenants Org. v. Federated Mortgage Inv.,* 504 F.2d 483, 489 (9th Cir. 1974). The source of legitimate claims of entitlement is not the Constitution but rather the acts of the sovereign, state or federal, manifested in legislation, rules, or customs. *See Board of Regents v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. 2701. Such acts, however, cannot create a "property" interest and simultaneously deprive it of Constitutional due process protection. *Arnett v. Kennedy,* 416 U.S. 134, 166–67, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (Powell, J., concurring in part and dissenting in part).

The imprecise contours of these principles prevent their easy application. To apply them too sweepingly requires the dilution of due process requirements to accommodate the protection afforded the property interest holder to the inescapable and practical needs of government. To apply them too narrowly requires the sacrifice without due process of many highly valued expectations to accommodate their holders to the only marginally significant needs of government. To avoid these extremes it is necessary to examine the unique aspects of each case carefully, a process which frequently eliminates much of the saving of time and effort by the courts that statutes like 38 U.S.C. § 211(a) appear to promise. Nonetheless, our orders, as set forth in *Johnson v. Robison, Roth, Sindermann,* and *Arnett,* require such analysis.

The source of the plaintiffs' expectations is 38 U.S.C. § 610. To the extent

that they believed that the Administrator *must* furnish domiciliary care and vocational training benefits *to them* at *specific facilities in Los Angeles* their expectations departed from such duties as are imposed on the Administrator by that section and, so far as their complaint reveals, are mere "unilateral expectations." As such, they are not property interests. Our conclusion is strengthened by recognizing that the Administrator must be equipped, as the statute provides, with wide discretion in determining the use to which the Administration's facilities are to be put. Severe inflexibility in exercising that discretion would result from requiring a pre-relocation and pre-termination hearing in cases such as this. Finally, the burden of relocation, while not insubstantial and certainly deserving of sympathy, is not of the magnitude that commends a constitutional response. It is always difficult to give up what one has, and one should not be compelled to do so by inhumane and harsh means. *See Klein v. Mathews,* 430 F.Supp. 1005, 1009 (D.N.J.1977). No such means are alleged in the complaint. The burden imposed here by the withdrawal or modification of benefits is not unusual. Similar burdens always attend an extensive distribution of benefits by government; inescapably few get exactly what they want, while most, it is usually assumed, get more than they would have otherwise. All would get less if invariably the complaints of the many required elaborate hearings with all the trappings that only lawyers and judges can fully appreciate. *See Mathews v. Eldridge,* 424 U.S. 319, 347–49, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Our affirmance of the district court's dismissal for failure to state a claim upon which relief may be granted renders unnecessary any consideration of the immunity issues raised in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) or related cases.

AFFIRMED.