**William H. TIETJEN, Plaintiff–Appellant,**

v.

**UNITED STATES VETERANS ADMINISTRATION; Thomas K. Turnage, Administrator of Veteran's Affairs, Defendants–Appellees.**

No. 88–15262.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 1989 *.

Decided Sept. 6, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eugene A. Burdick, Phoenix, Ariz., for plaintiff-appellant.

Michael R. Arkfeld, Asst. U.S. Atty., Phoenix, Ariz., for defendants-appellees.

Before WALLACE, POOLE and HALL, Circuit Judges.

## ORDER

Appellant William H. Tietjen had been receiving 100% disability benefits because of a service-connected disability. In 1981, the Veteran's Administration initiated a review program, in the course of which appellant's benefits were reduced to 40%. Appellant claims that the Administrator's own regulations prevent him from reducing his disability entitlements, and that the Administrator's action thus constitutes a due process violation. The three regulations in question are 38 C.F.R. §§ 3.327(b)(2) (no reexamination of disability recipient whose condition is deemed to be "static"), 3.343(a) (no reduction of disability without examination showing material improvement), and 3.344 (generally no reduction of disability rating based on one examination).

38 U.S.C. § 211(a) states in part:

[T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

Section 211(a) thus precludes judicial review of the Administrator's decisions of law or fact concerning the administration of benefits legislation. It does not, however, bar review of "constitutional attacks on legislation governing the provision of VA benefits." *See Rosen v. Walters,* 719 F.2d 1422, 1423 (9th Cir.1983) (citing *Johnson v. Robinson,* 415 U.S. 361, 367, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974)). The appellant attempts to receive judicial review by characterizing his claim as a constitutional challenge.

In a published order, found at 692 F.Supp. 1106 (D.Ariz.1988), the district court below provided an exhaustive analysis of appellant's challenge. The court properly examined the "substance" of appellant's action to ascertain whether it challenges a "decision of the Administrator on a 'question of law or fact concerning a benefit provided by a law administered by the Veterans Administration,' or instead challenges the constitutionality of an Act of Congress." *Devine v. Cleland,* 616 F.2d 1080, 1084 (9th Cir.1980) (quoting *Moore v. Johnson,* 582 F.2d 1228, 1232 (9th Cir. 1978)). "Only actions within the latter category are reviewable." *Id.* The district court persuasively reasoned that appellant's action falls within the former category and thus escapes judicial review.

Accordingly, we affirm the district court's dismissal under section 211(a) on the basis articulated in part B of the district court's order. Because we conclude that we are without jurisdiction, we do not reach the issue discussed in part C of the order.

Affirmed.