935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pablo v. SIGUAR, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Respondent-Appellee.
 No. 91-7034.
 United States Court of Appeals, Federal Circuit.
 May 6, 1991.
Rehearing Denied July 2, 1991.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Siguar appeals from the October 16, 1990 Order of the United States Court of Veterans Appeals (CVA), Docket No. 90-311, dismissing his appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Section 402 of the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100-687, 102 Stat. 4122 (1988) provides the CVA with jurisdiction only over those appeals wherein a Notice of Disagreement (NOD) was filed after the date of enactment of the VJRA, November 18, 1988. Siguar does not contest the CVA's finding that his NOD was filed prior to November 18, 1988. Instead, Siguar challenges the constitutionality of section 402 of the VJRA.
 
 
 3
 Siguar's argument that Sec. 402 of the VJRA is an unconstitutional "bill of attainder" must fail; clearly Sec. 402 is not a law which is directed to any particular person. To the extent that this argument can be construed as being an equal protection argument, i.e. that Sec. 402 treats veterans who filed NODs prior to November 18, 1988 differently than veterans filing NODs after that date, this court has recently upheld the constitutionality of Sec. 402 of the VJRA against just such an equal protection argument. Belarmino v. Derwinski, No. 91-7011 (Fed.Cir., April 24, 1991).
 
 
 4
 Siguar also argues that denying him appeal rights to the CVA constitutes a denial of due process. Prior to enactment of the VJRA, decisions by the Veterans' Administrator as to eligibility for benefits were not reviewable. See 38 USC Sec. 211(a) (1982). The constitutionality of Sec. 211(a) was upheld by various courts. See, e.g., Moore v. Johnson, 582 F.2d 1228, 1232 (9th Cir.1978); De Rodulfa v. United States, 461 F.2d 1240, 1256-57 (D.C.Cir.), cert. denied, 409 U.S. 949 (1972). See also, Johnson v. Robison, 415 U.S. 361, 370-72 (1974) (recognizing two-fold purpose of Sec. 211(a) as avoiding undue burden on the district courts and the Veterans' Administration and promoting adequacy and uniformity of veterans' benefits decisions). Certainly if the procedures prior to enactment of the VJRA satisfied due process requirements, then the VJRA, which merely increased the reviewability of Veterans' Administration decisions for certain veterans (those who filed NODs on or after November 18, 1988), also satisfies due process.