2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David F. RAZO, Plaintiff-Appellant,
v.
U.S. VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 92-56585.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Razo appeals pro se the district court's dismissal without prejudice for lack of jurisdiction of his action against the United States Veterans Administration ("VA"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We review de novo a district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 Razo filed a complaint claiming the VA should have increased his benefits for injuries he allegedly suffered while in the military.[2] The government moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) & (2), on the grounds that the district court lacked subject matter and personal jurisdiction. The district court granted the motion and dismissed Razo's action. Razo timely appeals.
 
 
 4
 On appeal, Razo contends that he has a constitutional right to have his VA benefits compensation claims heard by the district court. This contention lacks merit.
 
 
 5
 The United States as a sovereign may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Any governmental waiver of immunity must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). The district court is without jurisdiction to review VA benefits determinations. 38 U.S.C. Sec. 511(a).[3] Section 511(a) provides:
 
 
 6
 The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.
 
 
 7
 Id. Section 511(a) does not bar judicial review of "constitutional attacks on legislation governing the provisions of VA benefits." Rosen v. Walters, 719 F.2d 1422, 1423 (9th Cir.1983). Nevertheless, because the determination of veterans' benefits is exclusively within the province of the VA, an attempt to challenge to one's benefits under the guise of a constitutional attack will not be permitted. Tietjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir.1989); Rosen, 719 F.2d at 1423.
 
 
 8
 Here, Razo's action challenges the decision of the VA concerning Razo's benefits, not the constitutionality of the statutes governing benefits compensation. Thus, the district court properly dismissed Razo's action for lack of subject matter jurisdiction. See 38 U.S.C. Sec. 511(a); Tietjen, 884 F.2d at 515.
 
 
 9
 To the extent Razo's complaint sought review of the Board of Veterans' Appeals ("BVA") determinations, the district court also properly dismissed Razo's action. The Veterans' Judicial Review Act vests exclusive jurisdiction to review BVA decisions in the Court of Veterans Appeals ("CVA"). 38 U.S.C. Sec. 7252(a). Additionally, decisions of the CVA may be appealed only to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. Sec. 7292(c). Here, Razo failed to appeal the BVA decisions to the CVA.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dismissal of action without prejudice is an appealable order. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985)
 
 
 [2]
 Prior to filing his complaint in district court, Razo filed a series of claims with the VA seeking increased benefits compensation for the same alleged injuries. The VA denied the claims. Razo appealed some of the claims to the Board of Veterans' Appeals, which affirmed the VA's denial
 
 
 [3]
 Formerly 38 U.S.C. Sec. 211(a)