19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Lee PREE, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary, of Veteran Affairs, et al.,
Defendants-Appellees.
 No. 93-16483.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 14, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Lee Pree appeals pro se the district court's dismissal of his action against the United States Veterans Administration ("VA") for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 The United States as a sovereign may not be sued without its consent. United States v. Testan, 422 U.S. 392, 399 (1976). Any governmental waiver of immunity must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). The district court is without jurisdiction to review VA benefits determinations. 38 U.S.C. Sec. 511(a).[1]
 
 
 4
 Section 511(a) does not bar judicial review of "constitutional attacks on legislation governing the provisions of VA benefits." Rosen v. Walters, 719 F.2d 1422, 1423 (9th Cir.1983). Such an attack, however, must be limited to challenging a specific statute or regulation rather than the decision of the VA on a " 'question of law or fact concerning a benefit ...' ". Tietjen v. United States, 884 F.2d 514, 515 (9th Cir.1989) (citations omitted). Thus, because the determination of benefits is exclusively within the province of the VA, an attempt to challenge the VA's determination of benefits under the guise of a constitutional attack will not be permitted. See id.
 
 
 5
 Here, Pree contends that the VA denied him benefits because of racial discrimination. In his complaint, however, Pree fails to set forth any facts or allegations that would support his discrimination claim. Rather, his complaint directly challenges the VA's decision denying his application for benefits. Given these circumstances, the district court properly dismissed Pree's action for lack of subject matter jurisdiction. See 38 U.S.C. Sec. 511(a); Tietjen, 884 F.2d at 515.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The pertinent portion of 38 U.S.C. Sec. 511(a) provides:
 The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court whether by an action in the nature of mandamus or otherwise.