24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul ORTIZ, Plaintiff-Appellant,
v.
DEPARTMENT OF VETERANS AFFAIRS, Defendant-Appellee.
 No. 93-16397.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Ortiz appeals pro se the district court's dismissal for lack of jurisdiction of his action alleging that the U.S. Department of Veterans Affairs' ("VA") decision to reduce his disability rating and corresponding benefits was racially motivated. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 The United States as a sovereign may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Any governmental waiver of immunity must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). The district court is without jurisdiction to review VA benefits determinations. 38 U.S.C. Sec. 511(a). Section 511(a) provides:
 
 
 5
 The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.
 
 
 6
 Id. Section 511(a) does not bar judicial review of "constitutional attacks on legislation governing the provisions of VA benefits." Rosen v. Walters, 719 F.2d 1422, 1423 (9th Cir.1983). Nevertheless, because the determination of veterans benefits is exclusively within the province of the VA, an attempt to challenge the allocation of benefits under the guise of a constitutional attack will not be permitted. Tietjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir.1989); Rosen, 719 F.2d at 1423.
 
 
 7
 Here, Ortiz challenges the decision of the VA concerning his benefits by alleging various constitutional violations in the actions taken by the VA. Ortiz does not challenge the constitutionality of any of the statutes governing benefits compensation. Thus, because the district court clearly lacked jurisdiction to review the VA's administrative determinations, dismissal of Ortiz's action was proper. See 38 U.S.C. Sec. 511(a); Tietjen, 884 F.2d at 515.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3