46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry J. OLSON, Plaintiff-Appellant,
v.
Charles CRAGIN; Daniel J. Stein; U.H. Ang, M.D.,
Defendants-Appellees.
 No. 94-35390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry J. Olson appeals pro se the district court's dismissal of his claim against Board of Veterans' Appeals officials for denying him additional disability benefits. The district court dismissed Olson's complaint for lack of subject matter jurisdiction and failure to state a claim under Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal for lack of subject matter jurisdiction, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and for failure to state a claim upon which relief can be granted, Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994).
 
 
 4
 The United States as a sovereign may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Any governmental waiver of immunity must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). The district court is without jurisdiction to review Veterans Administration ("VA") benefits determinations. 38 U.S.C. Sec. 511(a).[1] Section 511(a) provides:
 
 
 5
 The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.
 
 
 6
 Id. Section 511(a) does not bar judicial review of "constitutional attacks on legislation governing the provision of VA benefits." Rosen v. Walters, 719 F.2d 1422, 1423 (9th Cir.1983). Nevertheless, because the determination of veterans benefits is exclusively within the province of the VA, an attempt to challenge the allocation of benefits under the guise of a constitutional attack will not be permitted. Tietjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir.1989); Rosen, 719 F.2d at 1423. Thus, whether the district court has jurisdiction over Olson's action rests on "whether [the action] challenges a decision of the Administrator on a question of law or fact concerning a benefit provided by a law administrated by the Veterans Administration, or instead challenges the constitutionality of an Act of Congress." Tietjen, 884 F.2d at 515 (internal quotations omitted).
 
 
 7
 Olson contends that the defendants violated his due process rights by fraudulently denying him an increase in his service-connected benefits. Because Olson essentially seeks to challenge the VA's decision denying his application for benefits, the district court properly dismissed Olson's complaint for lack of jurisdiction. See 38 U.S.C. Sec. 511(a); Rosen, 719 F.2d at 1425.
 
 
 8
 Olson further alleges that the defendants are liable in their individual capacities under Bivens[2] for the alleged constitutional violations that occurred during the course of his benefits determination proceedings. This contention lacks merit. We lack jurisdiction over Olson's due process claim seeking damages for procedural violations that allegedly occurred during his benefits determination proceedings because such determinations are "exclusively within the province of the VA." See Tietjan, 884 F.2d at 515. Accordingly, we refuse to assume jurisdiction over Olson's claims by way of a Bivens action. See id.; see also Sugrue v. Derwinski, 26 F.3d 8, 12 (2nd Cir.1994) (challenges to benefits determinations under Bivens not available because of "comprehensive remedial structure to address disputes regarding disability ratings and benefits claims by veterans").
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Formerly 38 U.S.C. Sec. 211(a)
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 391 (1971)