**Chen HALE, Plaintiff—Appellant,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE; et al., Defendants—Appellees.**

No. 02–16477.
D.C. No. CV–01–01349–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Chen Hale appeals pro se the district court's judgment dismissing her action against the Department of Veterans' Affairs ("DVA"), the Department of Defense, and her ex-husband, retired Master Sergeant Michael Hale, alleging that she is entitled to receive a portion of her ex-husband's disability retirement benefits from the DVA under a California divorce decree. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for lack of subject matter jurisdiction, as well as dismissals for failure to state a claim. *See Hicks v. Small,* 69 F.3d 967, 969 (9th Cir.1995). We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court properly dismissed for lack of subject matter jurisdiction Hale's challenge to the DVA's determination that she was not entitled to any portion of Master Sergeant Hale's disability retirement benefits. The DVA has exclusive jurisdiction to determine the "provision of benefits" to veterans and their dependents under 38 U.S.C. § 511(a). *See Tietjen v. United States Veterans Admin.*, 884 F.2d 514, 515 (9th Cir.1989) (order) (construing former version of § 511(a), previously codified at 38 U.S.C. § 211(a)). The Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, does not provide an independent basis for subject matter jurisdiction. *See Steel v. United States*, 813 F.2d 1545, 1548–49 (9th Cir. 1987).

The district court properly dismissed Hale's constitutional challenges for failure to state a claim because she did not allege any facts to support her conclusory allegation that the DVA failed to notify her of Master Sergeant Hale's disability reclassification hearing. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).

We decline to consider Hale's contention that Master Sergeant Hale's retirement pay is 50% attributable to a longevity retirement and the remainder constitutes disability retirement pay, because she raises that issue for the first time on appeal. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir.1996).

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Ealey's request for oral argument.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.