**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY OWEN KENDALL, | No. 08-35560 |
| Plaintiff - Appellant, | D.C. No. 07-cv-00103-EJL-LMB |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:       GOODWIN, WALLACE, and FISHER, Circuit Judges.

Gary Owen Kendall appeals pro se from the district court's judgment

dismissing pursuant to the screening provisions of 28 U.S.C. 1915(e) his action

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

GT/Research

against the Department of Veterans Affairs ("VA") and VA officials alleging improper denial of benefits and infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm in part, and vacate and remand in part, with instructions to the district court to enter judgment of dismissal without prejudice.

The district court properly dismissed Kendall's claims concerning the denials of benefits by the VA because the district court lacked subject matter jurisdiction as to those claims. *See* 38 U.S.C. § 511(a); *Tietjen v. U.S. Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989) (order) (affirming dismissal for lack of subject matter jurisdiction where the district court "properly examined the substance of [the plaintiff's] action to ascertain whether it challenge[d] a decision . . . concerning a benefit provided by a law administered by the Veterans Administration") (internal quotation marks omitted); *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983) ("[W]e are aware of no cases which permit review, collaterally or otherwise, of a VA decision to deny benefits.").

However, because the district court lacked subject matter jurisdiction, Kendall's claims concerning the denials of benefits should have been dismissed

without prejudice. *See Kelly v. Fleetwood Enters., Inc*., 377 F.3d 1034, 1036 (9th Cir. 2004).

The district court properly dismissed the medical malpractice claim without prejudice for lack of subject matter jurisdiction because Kendall did not allege in his complaint that he filed an administrative claim with the VA before filing suit. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) ("A tort claimant may not commence proceedings in court against the United States without first filing [a] claim with an appropriate federal agency. . . . We have repeatedly held that this claim requirement . . . is jurisdictional in nature and may not be waived.") (citation and internal quotation marks omitted).

Kendall's remaining contentions are unpersuasive.

We deny Kendall's "motion for order summary judgment and motion for order of remand to trial."

The parties shall bear their own costs on appeal.

**AFFIRMED in part, and VACATED and REMANDED in part, with instructions to the district court to enter judgment of dismissal without prejudice.**