**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE H. FORD, | No. 10-17827 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01384-AWI-JLT |
| v. | |
| ERIC K. SHINSEKI, Secretary of Veterans Affairs, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Wayne H. Ford appeals pro se from the district court's judgment dismissing

for lack of subject matter jurisdiction his action alleging that the Secretary of

Veterans Affairs ("VA") violated his constitutional rights by failing to pay him

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

interest on an award of retroactive veterans' disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 984 n.7 (9th Cir. 2004) (subject matter jurisdiction dismissal); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (28 U.S.C. § 1915(e) dismissal). We affirm in part, vacate in part, and remand.

The district court properly dismissed Ford's action because the Board of Veterans' Appeals has exclusive jurisdiction over the VA's decision regarding the provision of veterans' benefits, even when couched as a constitutional claim. *See* 38 U.S.C. § 511(a) (VA decides all issues under any law affecting the provision of benefits to veterans); *id*. § 7104(a) (Board of Veterans Appeals has exclusive jurisdiction over VA's benefits decisions); *Tietjen v. U.S. Veterans Admin*., 884 F.2d 514, 515 (9th Cir. 1989) (order) (affirming dismissal for lack of subject matter jurisdiction where veteran's due process claim related to reduced disability benefits because the substance of the claim was the allocation of veterans benefits, not a challenge to the constitutionality of legislation governing VA benefits).

However, Ford's claims should have been dismissed without prejudice. *See Kelly v. Fleetwood Enters., Inc*., 377 F.3d 1034, 1036 (9th Cir. 2004). We therefore affirm dismissal for lack of subject matter jurisdiction, but remand with instructions for the district court to enter judgment of dismissal without prejudice.

Ford's remaining contentions are unpersuasive.

Ford's motion to submit additional opinions is construed as a citation of supplemental authorities under Fed. R. App. P. 28(j), and the cases are duly noted.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

10-17827